**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

HARRY POLLINGER,         )
                                 )
        Plaintiff,          )  No. 1:06-cv-01885(CKK)
                                 )
        v.                  )
                                 )
UNITED STATES, et al.,        )
                                 )
        Defendants.       )

**<u>DEFENDANTS' MOTION TO DISMISS</u>**

      Defendants, United States, Gregory Collier, C. Sherwood, and R.A. Mitchell,
respectfully request that the Court substitute the United States as the proper party
defendant pursuant to 26 U.S.C. §§ 7431 (a), 7432(a), 7433(a), and 28 U.S.C. § 2410.  As
the plaintiff is suing the individual defendants in their official capacities, the suit is
essentially against the United States.

      Defendants hereby move pursuant to Under Fed. R. Civ. P. 12(b)(1) and (6) to
dismiss plaintiff's 21-count complaint.  As grounds for this motion, the defendants
assert that this Court lacks subject-matter jurisdiction over plaintiff's unauthorized
collection claim, failure to release lien claim, quiet title claim, and constitutional claims,
and the Anti-Injunction Act bars the injunctive relief plaintiff seeks.  Further, plaintiff
has failed to state an unauthorized disclosure claim, an unauthorized collection claim,
and a failure to release lien claim.  Moreover, plaintiff makes numerous tax-protestor
type arguments which are patently frivolous and should be summarily dismissed.
Finally, three counts of plaintiffs' complaint (counts 15, 16, 21) seek relief pursuant to

criminal statutes and the Court lacks jurisdiction over these claims.

Specifically, plaintiff has failed to demonstrate that he properly filed an administrative claim for damages, which is required before the United States' sovereign immunity is waived. See 26 U.S.C. §§ 7432(a), 7433(a); McGuirl v. United States, 360 F. Supp.2d 125, 128 (D.D.C. 2004). Further, plaintiff has failed to state a claim for damages and to quiet title. Plaintiff has not alleged sufficient facts to demonstrate that he is entitled to any relief. Since plaintiff has not so alleged, this Court lacks subject-matter jurisdiction. Moreover, plaintiff seeks to enjoin the Internal Revenue Service from engaging in any further collection activity. (Compl., prayer ¶¶ a, b, e). Under 26 U.S.C. § 7421(a), no suit may be maintained restraining the assessment and collection taxes. Thus, this Court may not grant injunctive relief. Plaintiff's tax-protestor style arguments – that he is not subject to federal taxes because he is not a citizen or resident of the United States – should be summarily rejected. (Compl. ¶¶ 175, 176, 177). See United States v. Ward, 833 F.2d 1538, 1539 (11th Cir. 1987). Finally, plaintiff can not seek relief under any criminal statutes.

A supporting memorandum of law and proposed order are filed with this motion.

DATED: March 2, 2007.                    Respectfully submitted,

                                         /s/ Beatriz T. Saiz
                                         BEATRIZ T. SAIZ
                                         Trial Attorney, Tax Division
                                         U.S. Department of Justice
                                         P.O. Box 227
                                         Ben Franklin Station
                                         Washington, DC 20044
                                         Phone/Fax: (202) 307-6585/514-6866
                                         Email: Beatriz T.Saiz@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| HARRY POLLINGER, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:06-cv-01885(CKK) |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANTS' MOTION TO DISMISS**

Plaintiff filed a 21-count complaint which should be dismissed on various grounds. Plaintiff seeks the following: (1) damages for alleged unauthorized collection actions by the employees of the Internal Revenue Service; (2) damages for alleged unauthorized disclosures of tax return information; (3) damages for the alleged failure to release a lien; (4) damages for purported violations of plaintiff's constitutional rights; (5) relief to quiet title; and (6) an injunction against the Internal Revenue Service. For the reasons set forth below, the Court cannot grant the requested relief.

First, the United States should be substituted as the proper-party defendant. Second, counts 1, 2, 3, 4, 5, 6, 7, 8, 9, 11, 12, 13, and 14 of plaintiff's complaint should be dismissed as plaintiff has failed to exhaust his administrative remedies. Third, the Court lacks jurisdiction, over counts 1, 4, 5, 6, 7, 11, 12, 13, 14, and 19 of plaintiff's complaint, to award damages for unauthorized collection actions and to quiet title when those claims are merely an improper attempt to challenge the underlying tax

liability.  Fourth, plaintiff has failed to state claims for unauthorized disclosures of

return information and for failure to release tax liens, and thus, the Court should

dismiss counts 8 and 17 of the complaint.  The United States has not waived its

sovereign immunity for damages related to constitutional violations and for relief

under code sections setting forth criminal penalties and those claims – counts 9, 10, 15,

16, 18, 20, and 21 – should be rejected.  Finally, plaintiff requests an injunction against

the Internal Revenue Service.  However, this relief is barred by the Anti-Injunction Act.

<u>This Court Should Substitute the United States as the Proper Party Defendant</u>

The individually-named defendants are not proper parties to this action.  In this

wrongful collection suit, plaintiff is suing the defendants in their official capacities.

Thus, the United States should be substituted as the proper party defendant pursuant to

26 U.S.C. §§ 7431 (a), 7432(a), 7433(a) and 28 U.S.C. § 2410.

Further, the proper defendant in a wrongful collection action and in an failure to

release lien action is the United States and not the employees of the Internal Revenue

Service.  <u>See</u> 26 U.S.C. §§ 7432(a), 7433(a).  <u>See also</u> <u>Hassell v. United States</u>, 203 F.R.D.

241, 244 (N.D. Tex. 1999) (explaining that the United States is the only proper

defendant).  Thus, the Court should substitute the United States as the proper party

defendant and dismiss the Internal Revenue Service employees (Collier, Sherwood, and

Mitchell).

<u>This Court Lacks Subject-Matter Jurisdiction over Damages Claim</u>

Plaintiff purports to state a claim for damages against the United States (Compl.

-2-

prayer ¶ c).  This Court does not have jurisdiction over plaintiff's sections 7432, 7433 claims because he has failed to demonstrate that he filed a proper administrative claim for damages with the Internal Revenue Service.  The party bringing suit must show that the United States has unequivocally waived its sovereign immunity.  McGuirl v. United States, 360 F. Supp.2d 125, 128 (D.D.C. 2004) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 182-83 (1936); West v. F.A.A., 830 F.2d 1044, 1046 (9th Cir. 1987).  Sections 7432 and 7433 of the Internal Revenue Code (26 U.S.C.) provide the predicates for the United States' waiver of sovereign immunity with respect to suits for wrongful collection actions.  The Court lacks jurisdiction over the plaintiff's claim because the predicates of sections 7432 and 7433 have not been met.

Under sections 7432(a) and  7433(a), prior to bringing a suit in federal district court for damages for failure to release tax lien and damages for the unauthorized collection of taxes, a taxpayer must exhaust her administrative remedies.  26 U.S.C. §§ 7432 (a),  7433(a).  The exhaustion of administrative remedies under section 7432 is identical to that of section 7433.  Thus, the United States relies on its analysis under section 7433 to support its argument that plaintiff has not exhausted his administrative remedies.  "A judgment for damages shall not be awarded under [7433] subsection (b) *unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.*"  26 U.S.C. § 7433(d)(1) (emphasis added).

The Secretary of the Treasury has promulgated regulations governing the

administrative claim for damages under section 7433.  See 26 C.F.R. § 301.7433-1(e).  The

regulations provide that

> An administrative claim for the lesser of $1,000,000 ($100,000
> in the case of negligence) or actual, direct economic
> damages, as defined in paragraph (b) of this section [7433]
> shall be sent in writing to the Area Director, Attn:
> Compliance Technical Support Manager of the *area in which*
> *the taxpayer currently resides.*

26 C.F.R. § 301.7433-1(e)(1) (emphasis added).1/  The taxpayer must send a written

administrative claim for damages to the area director in the district in which the

taxpayer lives and include the following: (1) the grounds for the claim; (2) a description

of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including

any damages not yet incurred but that are reasonably foreseeable; and (4) the signature

of the taxpayer.  26 C.F.R. § 301.7433-1(e)(1) and (2).  Failure to comply with this

regulation deprives a court of jurisdiction.  See Glass v. United States, 424 F. Supp.2d

224, 227 (D.D.C. 2006); McGuirl v. United States, 360 F. Supp.2d 125, 128 (D.D.C. 2004);

Venen v. United States, 38 F.3d 100, 103 (3d Cir. 1994); Conforte v. United States, 979

---

1/  The regulation which pertains to section 7432 can be found at 26 C.F.R. §
301.7432.  As opposed to section 7433, which only permits a taxpayer to send his
administrative claim to the Area Director of the area in which the taxpayer resides ,
section 7432 permits a taxpayer to send his claim to one of two locations.  Section 7432
permits a taxpayer to send his administrative claim to the Area Director of the area in
which the taxpayer resides or of the area in which the taxpayer's property is located.  26
C.F.R. § 301.7432-1(f).  In this case,  it appears from the complaint that the Area Director
in either case would be located in Florida and not Massachusetts.  Plaintiff resides in
Destin, Florida and the property at issue is also located in Destin Florida (Compl ¶ 152).

-3-

F.2d 1375 (9th Cir. 1992).2/

Here, plaintiff alleged that he filed a written claim with the area director in

Massachusetts and not in the area in which he resides (Florida).3/  Because plaintiff has

not met her burden to prove exhaustion of administrative remedies, this Court does not

_____

2/  The United States is aware that the court in Turner v. United States, 429 F.
Supp.2d 149 (D.D.C. 2006) dismissed a similar complaint for failure to state a claim. For
the reasons stated above, the United States continues to assert that the exhaustion
requirement is jurisdictional. Specifically, the decision in Turner relied upon Arbaugh v.
Y & H Corp., 126 S.Ct. 1235 (2006), in which the Supreme Court addressed exhaustion
of administrative remedies in the context of two private litigants in a Title VII suit.
Neither of the private litigants had any attributes of sovereign immunity. Thus, neither
litigant in Arbaugh could claim the benefit of the sovereign's long-recognized general
principle that "the United States, as sovereign, 'is immune from suit save as it consents
to be sued *** and the terms of its consent to be sued in any court *define that court's
jurisdiction* to entertain the suit.'"Lehman v. Nakshian, 453 U.S. 156, 160 (1981)
(emphasis added). Thus, when the United States has consented to suit, as it has in 26
U.S.C. § 7433, the terms of that consent define the court's jurisdiction.
   One of the terms of the consent under section 7433 is that the taxpayer must have
exhausted his administrative remedies. And as a term of consent to the waiver of
sovereign immunity, the requirement of administrative exhaustion is by definition a
part of the "court's jurisdiction to entertain the suit." Simply put, Arbaugh did not deal
with the special situation of sovereign immunity because neither party to the lawsuit
was a sovereign. Arbaugh did not overrule Nakshian, because the two cases deal with
entirely different statutory schemes of relief. Therefore, this Court should follow Glass,
McGuirl, and the several appellate decisions from other circuits that have properly
concluded that section 7433's exhaustion requirement is an element of the United States'
waiver of sovereign immunity, and thus an aspect of subject matter jurisdiction. In sum,
the Turner decision, while it reached the correct result, failed to preserve the difference
between administrative schemes involving private parties, and those that involve suits
against the sovereign United States. Accordingly, the United States asks for dismissal
on jurisdictional grounds.


3/ In his complaint, plaintiff asserts that he submitted an administrative claim
and that he attached a copy to the complaint.  The plaintiff failed to provide the United
States with the attachment and apparently failed to file with the Court a copy of the
attachment.

have jurisdiction over her section 7433 claim, and the Court should dismiss the

complaint.

<u>Section 7433 Is Plaintiff's Exclusive Remedy</u>

Plaintiff's section 7431 claims must be dismissed pursuant to Fed. R. Civ. P.

12(b)(1) because section 7433 of the Internal Revenue Code provides the exclusive

remedy for allegedly unauthorized or improper collection actions.  Disclosures of

return information allegedly made in the course of collection actions are subsumed

within this exclusive remedy.

Section 7433 (a) provides:

> If, in connection with any collection of Federal tax with respect to a
> taxpayer, any officer or employee of the Internal Revenue Service
> recklessly or intentionally, or by reason of negligence, disregards any
> provision of this title, or any regulation promulgated under this title, such
> taxpayer may bring a civil action for damages against the United States in
> a district court of the United States. Except as provided in Section 7432,
> such civil action *shall be the exclusive remedy for recovering damages resulting*
> *from such actions.*

26 U.S.C. § 7433(a) (emphasis added). By its own terms, the statute is the "exclusive

remedy" for the violation of "any provision of this title" in the course of federal tax

collection. Congress provided only one exception to section 7433's exclusivity—section

7432.

Section 7431 was added to the Internal Revenue Code six years before section

7433.  As a result, Congress must necessarily have been aware of section 7431 when it

enacted section 7433. <u>Cf</u>. <u>Miles v. Apex Marine Corp.</u>, 498 U.S. 19, 32 (1990) ("We

assume that Congress is aware of existing law when it passes legislation.").  Had

Congress intended section 7431 to be an alternative or supplemental remedy to an action within the purview of section 7433, Congress would have included section 7431 as an exception, along with section 7432. Cf. Connecticut Nat'l Bank v. Germain, 503 U.S. 249, 253-54 (1992) ("We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there.").

The legislative history of section 7433 supports the conclusion that Congress intended the statute to be the exclusive avenue of redress for all unauthorized collection actions. The legislative history provides that "an action brought under this provision [section 7433] shall be the exclusive remedy for recovering damages resulting from reckless or intentional disregard of a provision of the Internal Revenue Code, or a regulation promulgated thereunder, by an IRS employee engaged in the collection of any Federal tax." H.R. Conf. Rep. No. 100-1104, at 228-29, *reprinted in* 1988 U.S.C.C.A.N. 4515, 5288-89.

Judicial precedent also supports the exclusivity of section 7433. In Shwarz v. United States, the Ninth Circuit held that section 7433 is the exclusive remedy in this situation and bars a claim under section 7431 if the alleged unauthorized disclosures of tax return information occurred in the course of collection activity. Shwarz v. United States, 234 F.3d 428, 433 (9th Cir. 2000). In Shwarz, the plaintiffs claimed that Service employees made unauthorized disclosures when a revenue officer filed an allegedly false declaration in support of an application to enter the taxpayers' place of business to effect a levy and when revenue officers posted seizure notices at the taxpayers' place of

business. Because the alleged unauthorized disclosures occurred in connection with tax collection activities, the court ruled that the suit had to proceed under section 7433 and not section 7431. <u>See also</u> <u>Elias v. United States</u>, 1990 WL 264722, *9n.7 (C.D. Cal. Dec. 21, 1990) (noting that given the then-recent enactment of section 7433, Congress did not intend for section 7431 suits to be maintained in situations arising from tax collection activities), <u>aff'd mem.</u>, 974 F.2d 1341 (9th Cir. 1992).

Judge Bates recently adopted the holding in <u>Shwarz</u>, concluding that section 7433 is the exclusive remedy for allegedly improper tax collection activity by the Service. <u>See</u> <u>Ross v. United States</u>, ___ F.Supp.2d ___, 2006 WL 3250831, *8 (D.D.C. Nov. 10, 2006). In <u>Ross</u>, the court held that section 7433 preempted actions to redress or challenge purportedly illegal tax collection actions under the Administrative Procedures Act, the All Writs Act, the Mandamus Act, the Freedom of Information Act, the Privacy Act of 1974, the Federal Records Act, and the National Archives Act. The same logic and reasoning would result in the conclusion that section 7433's exclusivity provision precludes and displaces actions under section 7431 for wrongful disclosures allegedly occurring during the course of tax collection activities.

In sum, section 7433 is the exclusive remedy for disclosures alleged to have been made during tax collection activities. Because section 7433 is the exclusive remedy for unauthorized collection activities, this Court lacks subject matter jurisdiction and the claim should be dismissed. To hold otherwise, would enable a taxpayer, whose return information was disclosed as part of collection activity, to recover damages under both

sections 7431 and 7433, or perhaps to elect the more favorable scheme of relief,

depending on the alleged violation. Congress did not intend to allow a taxpayer to

receive double recovery for the same conduct, or to shop for the more favorable

remedial scheme.

<u>Plaintiff Fails to State a Claim Because There Was No Unlawful Disclosure</u>

But even if this case were properly before the Court under 26 U.S.C. §§ 7431 or

7433, plaintiffs have not alleged sufficient facts upon which to posit a violation of 26

U.S.C. § 6103, and therefore the matter should be dismissed under Fed. R. Civ. P.

12(b)(6).

Section 7431 provides civil damages when there is a negligent or willful violation

of section 6103, other than in the collection process. Section 7433 protects taxpayers

from negligent or intentional violations of section 6103, *inter alia*, in the collection

process. Section 6103(a) is a general taxpayer privacy-protection statute, and states the

general rule that return information shall be confidential, and that, except as

authorized, such information shall not be disclosed. <u>Church of Scientology of California</u>

<u>v. Internal Revenue Service</u>, 484 U.S. 9, 10 (1987). The Internal Revenue Code contains a

number of specific and several general exceptions to this rule of non-disclosure.

Specifically, section 6103 (k)(6), provides:

> An internal revenue officer or employee may, in connection with his
> official duties relating to any *** collection activity *** disclose return
> information to the extent that such disclosure is necessary in obtaining
> information, which is not otherwise reasonably available *** with respect

> to the enforcement of any other provisions in this title. Such disclosures shall be made only in such situations and under such conditions as the Secretary may prescribe by regulation.

26 U.S.C. § 6103(k)(6).

The Secretary of Treasury has promulgated regulations enumerating the specific circumstances under which disclosures may be made pursuant to section 6103(k)(6). Section 301.6103(k)(6)-1(a) states:

> [A]n internal revenue employee *** in connection with the performance of official duties relating to any *** collection activity *** may disclose return information of any taxpayer, to the extent necessary to obtain information relating to such official duties, including, but not limited to—
>
>> (vi) *** to locate assets in which the taxpayer has an interest *** [and] to apply the provisions of the Code relating to establishment of liens against such assets ***.

26 C.F.R. § 301.6103(k)(6)-1(a)(1)(vi) (2006); see also 26 C.F.R. § 301.6323(f)-1(a)(1) (designating proper place for filing notice of federal tax lien). Section 6103(k)(6) and the pertinent regulations "plainly indicate that disclosure of return information necessary to accomplish collection activities, including the *** filing of notices of federal tax liens, is exempt from the general disclosure prohibition of Section 6103(a)." Elias, 1990 WL 264722, at *5; see also Long v. United States, 972 F.2d 1174, 1180 (10th Cir. 1993) ("6103(k)(6) authorizes an IRS employee to disclose tax return information in the issuance of liens."); Mann v. United States, 204 F.3d 1012, 1018 (10th Cir. 2000) ("6103(k)(6) and the relevant regulations do permit disclosure of tax return information when made in notices of lien."); William E. Schrambling Accountancy Corp. v. United States, 937 F.2d 1485, 1490 (9th Cir. 1991) ("[t]he recording of a federal tax lien in the

-9-

County Recorder's Office *** places information in the liens *** in the public domain. Because information in the public domain is no longer confidential there can be no violation of Section 6103 and, consequently, no liability for disclosure of such information under Section 7431.")  The actions of the Service agents in this case properly fall under the protection of section 6103(k)(6) and therefore there can be no liability under section 7431.

In the instant case, it cannot be disputed that the notices of federal tax liens were filed in connection with the official duties of the Service in attempting to collect the plaintiffs' substantial unpaid federal tax liabilities. Had the information not been disclosed, creditors of plaintiffs would have no way to discover the existence of the liens. "Indeed, the purpose of recording the lien *** is to place the public on notice of the lien." William E. Schrambling Accountancy Corp., 937 at 1489. The actions of the Service agents in this case properly fall under the protection of sections 6103(k)(6) and 6323 and therefore, there can be no liability under sections 7431 or 7433.

Plaintiff's complaint asserts that the lien notices at issue are invalid as the liability is invalid.  (Compl. ¶ 177).  But sections 7431 and 7433 do not address the legitimacy of the collection process, and "whether a disclosure is authorized under § 6103 is in no way dependent upon the validity of the underlying summons, lien or levy." Elias, 1990 WL 264722, at *5; accord, Mann v. United States, 204 F.3d at 1020 ("We *** agree with *** the majority of courts which have considered the issue that there is

nothing in § 6103 which requires that the underlying means of disclosure be valid before the safe harbor of § 6103(k)(6) applies."); <u>Wilkerson v. United States</u>, 67 F.3d 112, 116 (5th Cir. 1995) ("The plain language of the Internal Revenue Code supports the *** contention that the validity of the underlying collection activity is irrelevant in determining whether a disclosure is wrongful."); <u>Venen v. United States</u>, 38 F.3d 100, 106 (3d Cir. 1994) ("[T]he propriety of the underlying collection action *** is irrelevant to whether disclosure is authorized under section 6103."); <u>Bleavins v. United States</u>, 807 F.Supp. 487, 489 ("[Section] 7431 does not apply to disputed merits of an assessment; it only addresses civil damages for disclosure violations of § 6103."), <u>aff'd</u>, 998 F.2d 1016 (7th Cir. 1993) (table); <u>Tomlinson v. United States</u>, 1991 WL 338328, *3 (W.D. Wash. Aug. 20, 1991) (adopting the position that the validity of the underlying lien is irrelevant), <u>aff'd</u>, 977 F.2d 591 (9th Cir. 1992); <u>Flippo v. United States</u>, 670 F. Supp. 638, 643 (W.D.N.C. 1987) ("As a threshold matter the validity of the underlying lien and levy is wholly irrelevant to the disclosure issue."), <u>aff'd</u>, 849 F.2d 604 (4th Cir. 1988); <u>cf.</u>, 26 C.F.R. § 301.6103-1(c)(2)[Example] ("The ultimate validity of the underlying levy is irrelevant to the issue of whether the disclosure was authorized by section 6103(k)(6)".). Therefore, plaintiff's averment of a lack of lawful assessments has no relevance to the question of alleged unauthorized disclosures under section 6103.

<u>Plaintiff Has Failed to State a Quiet Title Claim under 28 U.S. § 2410</u>

The government's waiver of sovereign immunity must be unambiguously expressed, and it cannot be implied. <u>United States v. Dalm</u>, 494 U.S. 596, 608 (1990)

(citing United States v. King, 395 U.S. 1, 4 (1969)); Sherwood, 312 U.S. at 586.

Furthermore, the waiver of the United States' sovereign immunity may not be enlarged,

and its consent to be sued must be construed strictly in favor of the sovereign.  United

States v. Nordic Village, 503 U.S. 30, 34 (1992).

Section 2410, 28 U.S.C., as cited in count 19 of the complaint, creates federal

district court jurisdiction over suits to quiet title to real or personal property on which

the United States has or claims a lien.  However, the statute does not waive the

Government's immunity where, as here, the plaintiff challenges the underlying tax

liability– that the assessment is improper (Compl ¶ 160).   See Robinson v. United

States, 920 F.2d 1157, 1161 (3d Cir. 1990) (permitting procedural challenges of

assessment but not challenges to the underlying tax liability); Aquabar & Lounge, Inc.

v. U.S. Dep't of Treasury, 539 F.2d 935, 938-39 (3d Cir. 1976) (permitting procedural

challenges of the liens but not challenges to the underlying tax liability).

Similarly in counts 1, 4, 5, 6, 7, 11, 12, 13, and 14 of the complaint, plaintiff

attempts to challenge the merits of the underlying tax liability under the guise of

unauthorized collection claims.  His unauthorized collection claims are based on the

belief that the assessment of any tax was improper.  Thus, regardless of whether the

examination or assessment was belated or improper, against all procedural and

substantive safeguards, and without affording plaintiff due process of law, these

allegations are insufficient to sustain an action under 26 U.S.C. § 7433.  See Arnett v.

United States, 889 F. Supp. 1424, 1430 (D.  Kan. 1995) (actions taken during assessment

of tax under 26 U.S.C. § 6672 do not constitute collection activity for purposes of Section 7433); Sylvester v. United States, 978 F. Supp. 1186 (E.D. Wis. 1997) (allegation that IRS incorrectly computed Section 6672 liability was an error in assessment and not collection and therefore irrelevant to Section 7433 claim); Zolman v. IRS, 87 F. Supp. 2d 763 (W.D. Mich. 1999) (mere assertion of improper assessment of tax liability, without more, is insufficient for Section 7433 claim).

Because the United States has not consented to be sued with respect to challenges of the underlying liability, plaintiff's challenge should be dismissed.

This Court Lacks Subject-Matter Jurisdiction over Plaintiff's Constitutional Claims

It is well-settled, that the United States is immune from suit, unless its sovereign immunity has been waived. Kentucky v. Graham, 473 U.S. 159, 165-67 (1985); Lehman v. Nakshian, 453 U.S. 156, 160 (1981); United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Shaw, 309 U.S. 495, 500-01 (1940). It is also fundamental that where the sovereign has waived immunity, no suit can be maintained unless it is in exact compliance with the terms of the statute under which the sovereign has consented to be sued. United States v. Nordic Village, Inc., 503 U.S. 30 (1992); United States v. King, 395 U.S. 1, 4 (1969); United States v. Sherwood, 312 U.S. 584, 596 (1947). The burden is on the party bringing suit to demonstrate that the United States has consented to suit. Hill v. United States, 571 F.2d 1098, 1102-03 (9th Cir. 1978); Keesee v. Orr, 816 F.2d 545, 547 (10th Cir. 1987).

-13-

In strictly construing the waiver in favor of the sovereign, damages for constitutional violations against the United States can not be permitted.  See Gonsalves v. Internal Revenue Service, 782 F. Supp. 164, 168 (D. Me.) ("Here [under section 7433], the United States has not waived its immunity from suit for damages arising from constitutional violations."), aff'd, 975 F.2d 13 (1st Cir. 1992).  Plaintiff has not referred to any statute which specifically provides for a suit against the United States under the circumstances presented herein.  Sovereign immunity is waived only by statutes specifically providing for maintenance of suits against the United States.  See Holloman v. Watt, 708 F.2d 1399 (9th Cir. 1983); Eastern Associated Coal Corp. v.  Director, Office of Workers' Compensation Programs, 791 F.2d 1129, 1131 (4th Cir. 1986) (quoting United States v. Mitchell, 445 U.S. 535, 538 (1980)); Essex v. Vinal, 499 F.2d 226, 231 (8th Cir. 1974); Geurkink Farms, Inc. v. United States, 452 F.2d 643, 644 (7th Cir. 1971).  As provided above, the burden is on the plaintiff to prove that his claim is in compliance with the terms of a statute in which the United States has waived sovereign immunity. Sherwood, 312 U.S. at 586.  Thus, this Court should dismiss plaintiff's constitutional claims, because they are barred by the doctrine of sovereign immunity.

### Plaintiff's Requests for Injunctive Relief is Barred by the Anti-injunction Act

Plaintiff seeks an order enjoining the Internal Revenue Service from engaging in any further collection activities.  (Compl. prayer ¶¶ a, b, e).  Such injunctive relief is barred by the Anti-Injunction Act (26 U.S.C. § 7421).

The Anti-Injunction Act specifies that no court shall exercise jurisdiction over a

-14-

suit for the "purpose of restraining the assessment or collection of any tax," as is the patent purpose of plaintiff's claim.  See 26 U.S.C. § 7421(a).  Thus, the Act precludes this Court from exercising jurisdiction over any action, such as this one, which seeks to enjoin the collection of taxes.  See Foodservice & Lodging Institute, Inc. v. Reagan, 809 F.2d 842, 844-45 (D.C. Cir. 1987); American Federation of Gov't Employees, AFL-CIO v. United States, 660 F. Supp. 12, 13 (D.D.C. 1987).

Although the Supreme Court has recognized a narrow, judicial exception to § 7421, the exception is inapplicable to the present case.  In Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962), the Supreme Court decided that the Anti-Injunction Act would not apply (1) if, when the facts and law are examined in the light most favorable to the government, under no circumstances could the government prevail, and (2) equity jurisdiction otherwise existed.  See Flynn v. United States, 786 F.2d 586, 589 (3d Cir. 1986).  The burden is on the plaintiff to demonstrate that his suit falls within the purview of the judicially-created exception to the Anti-Injunction Act. Bowers v. United States, 423 F.2d 1207, 1208 (5th Cir. 1970).

Plaintiff cannot demonstrate that under the circumstances of this case, the government could never prevail.  In fact, plaintiff solely relies on arguments which should be summarily rejected by the court.

Further, plaintiff has failed to demonstrate the existence of equitable jurisdiction. Plaintiff must show that there is irreparable injury and inadequacy of legal remedies.

-15-

See Foodservice & Lodging Institute, 809 F.2d at 844-45; Flynn, 766 F.2d at 598. In certain situations, plaintiff can temporarily forestall collection — which is the ultimate relief he requests— by requesting a "collection due process hearing" with the Internal Revenue Service. See 26 U.S.C. § 6330. Moreover, he can fully pay the taxes and then file a claim for refund. Because the Internal Revenue Code provides administrative procedures by which she can obtain relief, there is no equitable jurisdiction. Accordingly, the second prong of the Enoch test fails.

In sum, this Court lacks jurisdiction over plaintiff's request for injunctive relief and declaratory relief. Plaintiff has not established the extraordinary circumstances that may justify issuing an injunction or declaratory relief. Thus, the Court should dismiss this case.

<u>This Court Lacks Subject-Matter Jurisdiction over Plaintiff's  Claim
under Section 7214 of the Internal Revenue Code.</u>

Finally, the Court lacks jurisdiction over plaintiff's claims pursuant to 26 U.S.C. § 7214. Plaintiff asserts that the allegations of the complaint support a separate cause of action pursuant to section 7214, relating to the failure of officers or employees of the Internal Revenue Service to perform the duties of their office or employment. (Counts 15, 16, and 21). Section 7214 (a) provides for dismissal from office and criminal

penalties upon conviction and a fine of not more than $10,000.00 or imprisonment for up to five years, or both.  However, section 7214 provides no private cause of action to plaintiff.  See United States v. Little, 753 F.2d 1420, 1437 (9th Cir. 1985); United States v. Hill, 2006-1 U.S.T.C. ¶ 50,252 (D. Ariz. 2005).  Further, the United States has not waived its sovereign immunity to permit plaintiff to invoke the Court's jurisdiction under section 7214.  See Lonsdale v. United States, 919 F.2d 1440, 1444 (10th Cir. 1990).

Similarly, under count 9, plaintiff asserts that his allegations support a separate cause of action under 18 U.S.C. section 2311.  Section 2311 pertains to a criminal violation and thus creates no private cause of action.  Accordingly, these causes of action should be dismissed.

## CONCLUSION

In sum, for the following reasons the Court should dismiss this action. This Court does not have subject-matter jurisdiction over plaintiff's unauthorized disclosure claim, unauthorized collection claim, failure to release lien claim, quiet title claim, and constitutional claims. The Anti-Injunction Act prohibits an injunction against the collection of plaintiff's taxes. Finally, plaintiff has failed to state a claim for damages.

DATED: March 2, 2007.                    Respectfully submitted,

                                         /s/ Beatriz T. Saiz
                                         BEATRIZ T. SAIZ
                                         Trial Attorney, Tax Division
                                         U.S. Department of Justice
                                         P.O. Box 227
                                         Ben Franklin Station
                                         Washington, DC 20044
                                         Phone/Fax: (202) 307-6585/514-6866
                                         Email: Beatriz T.Saiz@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| HARRY POLLINGER, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:06-cv-01885(CKK) |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Having considered the DEFENDANTS' MOTION TO DISMISS, the supporting memorandum of points and authorities, any opposition and reply thereto, and the entire record of this proceeding, it is by the Court

ORDERED that the motion is GRANTED;

ORDERED that this action be, and is, DISMISSED;  and it is further

ORDERED that the Clerk shall distribute copies of this order to the persons listed below.

SO ORDERED this _____ day of _____ 2007.


_____
UNITED STATES DISTRICT JUDGE

COPIES TO:
BEATRIZ T. SAIZ
Trial Attorney, Tax Division
U. S. Department of Justice
Post Office Box 227
Washington, DC  20044

HARRY POLLINGER
P.O. Box 6577
Destin, FL 32550

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

HARRY POLLINGER,                    )
                                    )
          Plaintiff,                )   No. 1:06-cv-01885(CKK)
                                    )
     v.                             )
                                    )
UNITED STATES, et al.,              )
                                    )
          Defendants.               )


<u>**CERTIFICATE OF SERVICE**</u>

IT IS CERTIFIED that the foregoing DEFENDANTS' MOTION TO DISMISS,

supporting MEMORANDUM,  and proposed ORDER were served upon the following

individual(s) on March 2, 2007, by sending a copy by First Class mail, postage prepaid,

addressed as follows:


          Harry Pollinger
          P.O. Box 6577
          Destin, FL 32550


          <u>/s/ Beatriz T. Saiz</u>
          BEATRIZ T. SAIZ