Harry Pollinger
c/o  PO Box 6577
Destin, Florida [32550]
(850) 376-6088

Plaintiff, in *pro se*

**RECEIVED**

APR 1 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Harry Pollinger, )<br><br>　　　　　　　　　　Plaintiff, )<br><br>　　v. )<br><br>UNITED STATES OF AMERICA, a Federal )<br>Corporation, GREGORY COLLIER, C. )<br>SHERWOOD, R. A. and MITCHELL, )<br><br>　　　　　　　　　Defendants. ) | Case No.  06-cv-01885-CKK<br><br>**RESPONSE TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S 21-COUNT COMPLAINT, AND MEMORANDUM OF LAW AND AUTHORITIES**<br><br>**Fed.R.Civ.P (b)(6)** |

　　　　COMES NOW Harry Pollinger, Plaintiff, proceeding on his own behalf moving this Court deny the Defendants' motion to dismiss Plaintiff's 21-Count Complaint. Plaintiff includes evidence sufficient to establish that due diligence has been exercised once the Court takes into consideration the entire record. *". . . the court must consider the entire record in the action, not just those pieces of evidence that have been singled out for attention by the parties*." See Clinkscales v. Chevron USA, Inc., 831 F.2d 1565, 1570 (11th Cir. 1987).

　　　　The Defendants are moving this Court dismiss certain claims alleged in Plaintiff's Verified Complaint. Particularly, First the UNITED STATES should be substituted for GREGORY COLLIER, C. SHERWOOD and R.A. MITCHELL. Second, the Defendants are seeking this Court dismiss Counts 1, 2, 3, 5, 6, 7, 8, 9, 11, 12, 13 and 14 asserting Plaintiff failed to exhaust his administrative remedies.  Third the Defendants are seeking this Court dismiss Counts 1, 4, 5, 6, 7, 11, 12, 13, 14 and 19 asserting those claims are merely an improper

attempt to challenge the underlying tax liability. Fourth, the Defendants are seeking this Court dismiss Counts 8 and 17 of the complaint for failure to state claims. Fifth, the Defendants are seeking this Court dismiss Counts 9, 10 15, 16, 18, 20 asserting the United states has not waived its sovereign immunity for damages related to constitutional violations, admitting that Constitutional violations have been made by IRS employees for which the UNITED STATES claims immunity. Sixth, Defendants assert that the Internal Revenue Service is barred from any injunction because of the Anti-Injunction Act. Finally, Defendants state this Court lack subject-matter jurisdiction over claims for damages pursuant to Sections 7432 and 7433 asserting that Plaintiff did not file a proper administrative claim for damages and the United States has not waived sovereign immunity.

However, after thorough nonbiased review of the case-in-chief, this Court will determine that as a matter of fact and law, the Plaintiff has effectively established jurisdiction, leaving the Defendants compelled to answer the Verified Complaint. In support of this response, Plaintiff refers the Court to the memorandum of points and authorities included herein. Plaintiff also submits a proposed Order.

## MEMORANDUM OF LAW AND AUTHORITIES

### I.
### Plaintiffs Are Not Be Held To The Standards Of A Bar Attorney

1. Plaintiff Harry Pollinger is unschooled in law and; therefore, is waived from being held to the standards of a bar attorney as stated in _Haines_: "*however inartfully plead, [pro se] must be held to a less stringent standard than formal pleadings drafted by bar-admitted attorneys and can only be dismissed for failure to state a claim if it appears beyond a doubt that the pro se litigants can prove no set of facts in support of [his] claims which would entitle him to relief.*" _Haines v. Kerner_, 404 U.S. 519-521. Plaintiff requests this Court to take judicial notice

of *Haines*, as such doctrines are applicable in this instant case – as Plaintiff has made every good faith effort to comply with this Court's decorum and will continue to do so.

## II.
## The United States Supreme Court Established The Doctrine Of Substance Over Form Regarding The Filing Of A Complaint

2.  The Plaintiff, unable to afford an attorney, filed his Verified Complaint in pro se, and, as cited in *Haines* supra, should not to be held to the high standards of a bar attorney. The substance of the Plaintiff's Verified Complaint has effectively established the elements necessary to cede this Court's jurisdiction. The United States Supreme Court stated in *Frank Lyon Co. v. United States*, 435 U.S. 561 (1978) *98 S.Ct. 129*: "In applying this doctrine of substance over form, the Court has looked to the objective economic realities of a transaction rather than to the particular form the parties employed. *"The Court has never regarded 'the simple expedient of drawing up papers,'" Commissioner* v. *Tower*, 327 U.S. 280, 291 (1946), *"as controlling for tax purposes when the objective economic realities are to the contrary. In the field of taxation, administrators of the laws, and the courts, are concerned with substance and realities, and formal written documents are not rigidly binding." Helvering* v. *Lazarus & Co.*, 308 U.S., at 255. See also *Commissioner* v. *P. G. Lake, Inc.*, 356 U.S. 260, 266-267 (1958); *Commissioner* v. *Court Holding Co.*, 324 U.S. 331, 334 (1945). *"Nor is the parties' desire to achieve a particular tax result necessarily relevant." Commissioner* v. *Duberstein*, 363 U.S. 278, 286 (1960).

3.  The Plaintiff, prior to filing his complaint, went through painstaking research in a good faith attempt to properly cite the causes of action and requisite jurisdictional grounds to foreclose on the type of aggrandizing the Defendants might employ in an attempt to get this

case dismissed. Still, Plaintiff is challenged with reestablishing what is already well established on the Court's record.

### III.
### Plaintiff Cites Jurisdiction On Multiple Grounds Based On Multiple Violations Committed By The Defendants

4.  The Plaintiff filed the Verified Complaint on multiple jurisdictional grounds in a good faith attempt to raise all related substantive violations committed by the Defendants under one umbrella. "*. . . if the joined claims do arise from the same case or controversy, the court may exercise supplemental jurisdiction over the claims.*" See *Leham v. Revolution Portfolio LLC*, 166 F.3d 389, 394, (1st Cir. 1999). "*. . . Rule 18 permits joinder of any and all claims subject only to objections to jurisdiction and venue . . .*" (*Sinclair v. Soniform*, Inc., 935 F.2d 599 (3d Cir. 1991).

5.  Unlike the Defendants, the Plaintiff does not have unlimited time and resources in which to file countless actions in an attempt to remedy all wrongful and malicious acts committed against him by the Defendants and; therefore, enjoined Defendants' acts under a single case. Furthermore, nowhere does the Federal Judicial Code or the Federal Rules of Civil Procedure prohibit Plaintiff from filing this action, properly citing multiple jurisdictional grounds wherein the nature of all claims are able to be heard in this Court; and Defendants cannot produce any evidence to the contrary.

6.  In this instant case the Plaintiff proceeds under the jurisdictional provisions stemming from 26 U.S.C. § 7214, *et seq.*, giving rise to an action cognizable under 26 U.S.C. §§ 7433, 7432, 7429, 2409, 2410 Title 28 U.S.C. § 1331 – Federal Question; 28 U.S.C. § 1340 – Internal Revenue; 28 U.S.C. § 1346 – United States Defendants; 28 U.S.C. § 1367 – Supplemental Jurisdiction; 28 U.S.C. § 3002(15)(A) – United States Federal Corporation; Title 5 U.S.C. §

702; All Writs Act at 28 U.S.C. §§ 1651 and 1658; Federal Rules of Civil Procedure §§ 57 and 65; and the broad equitable powers of this Court.

## IV.
### This Court Should Substitute The United States As The Proper Party Defendant

7.    The Defendants' counsel asserts on page 2 paragraph 1 on under this heading that: *The individually-named defendants are not proper parties to this action. In this wrongful collection suit, plaintiff is suing the defendants in their official capacities. Thus, the United States should be substituted as the proper party defendant pursuant to 26 U.S.C. §§ 7431(a), 7432(a), 7433(a) and 28 U.S.C. § 2410.*"

8.    Plaintiff included Defendants GREGORY COLLIER, S. CHERWOOD AND R.A. MITCHELL as Defendants in this suit because of their intentional, willful violations of the Internal Revenue Code, Regulations under the IRC, and the Constitution for the United States of America, under color of law; these Internal Revenue Service Employees should be held liable for their actions and disciplined accordingly.

9.  Even if the Court substitutes the United States for the individually-named Defendants, this case should not be dismissed because Counsel for the United States, has admitted it is the proper party; therefore, Defendants' motion to dismiss must be denied.

## V.
### The Anti-Injunction Act Does Not Bar The Plaintiff's Action

10. In an attempt to mislead the Court, Counsel for the Defendant erroneously asserts that the Plaintiff is barred from bringing this action under the Anti-Injunction Act. The UNITED STATES Defendants have further waived immunity under the Anti-Injunction Act codified at 26 U.S.C. § 7421. The Anti-Injunction Act precludes this Court from exercising jurisdiction over actions that seek to enjoin the lawful assessment and collection of federal income taxes, which is

not the intent or subject matter of this suit. According to *Hoillingshead v. United States*, 85-2 USTC 9772 (5th Cir 1985), 26 U.S.C. § 7421 is a waiver of immunity by the Government for a Citizen who claims that his or her property has been subject to wrongful Levy. ***"The government consents to be sued when the IRS violates a congressionally mandated procedure during the administrative assessment and collection process."***

Section 7421 of the Internal Revenue Code provides, in relevant part as follows:

(a)  Tax – Except as provided in sections 6015 (e), 6212 (a) and (c), 6213 (a), 6225 (b), 6246 (b), 6330 (e)(1), 6331 (i), 6672 (c), 6694 (c), and 7426 (a) and (b)(1), 7429 (b), and 7436, ***no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person***, whether or not such person is the person against whom such tax was assessed.

11. The language of this statute provides in pertinent part that *" . . . **no suit restraining the assessment or collection of any tax . . .** "* in its present statutory construction implies that a procedurally valid, statutory assessment had been made for the purpose of collection; and neither Counsel nor his United States Defendants have produced any evidence that procedure was followed when the alleged assessments were made in this instant case.

12. Furthermore, the Plaintiff enjoys the "exception" clauses of Sections 6212(a) and (c) and 6213(a) as the Defendants have not presented any evidence that Plaintiff was issued a Notice of Deficiency prior to assessment – which is a Congressional mandate. The Courts have ruled: ***"A Notice of Deficiency must be mailed before an assessment and/or any subsequent levy or lien on property may be made.*** 26 U.S.C. § 6213(a). Simply put, the Notice serves as a prerequisite to a valid assessment by the IRS. *Robinson v.United States,* 920 F.2d 1157, 1158 (3d Cir. 1990). ***"An assessment is illegal and void if no required (valid) deficiency notice is sent to the taxpayer."*** *See United States v. Williams*, (1958 DC NY) 161 F. Supp 158. 58-1 USTC 9213. (20 Fed Proc., L Ed 48:440)

13. Plaintiff is <u>not</u> seeking to restrain the LAWFUL ASSESSMENT or COLLECTION of any internal revenue tax, but is disputing the unlawful seizure of personal property as a result of the intentional violations of procedural and substantive due process and documented reckless and willful disregard for the internal revenue laws – all while presumably acting on behalf of the UNITED STATES Defendants.

14. Verified evidence of this Court's record proves that employees of Defendants the UNITED STATES have failed to comply with the administrative prerequisites that would grant relief under the Anti-Injunction Act. Immunity under the Anti-Injunction Act exists when employees of the UNITED STATES Defendants are in compliance with the statutes as set forth by Congress and applicable Treasury Regulations; however, that is not the case here.

15. Evidence provides that employees of the UNITED STATES Defendants have illegally seized Plaintiff's personal property without establishing liability, without imposing a tax, without a determination, without a deficiency, without an assessment, and without a warrant in violation of multiple provisions of the Federal Constitutional and substantive due process.

16. Further, the UNITED STATES Defendant consents to being sued when any one of its officials, officers, agents or employees proceed in violation of congressionally-mandated, statutory procedures during an administrative, civil or criminal judicial proceeding as in this case.

17. Plaintiff has exhausted his administrative remedies listed herein above, this Court has jurisdiction over plaintiff's request for injunctive relief and declaratory relief requested in the Complaint; therefore, the motion to dismiss the complaint should be denied.

**VI.**
**This Court Has Subject Matter Jurisdiction Because**
**Plaintiff Has Exhausted His Administrative Remedies**

18.    Counsel admits that this Court has subject matter jurisdiction of this action pursuant to 26 U.S.C. §§ 7432 and 7433, but proceeds to assert on page 3 at line 1 that: *"The Court does not have jurisdiction over plaintiff's sections 7432, 7433 claims because he has failed to demonstrate that he filed a proper administrative claim for damages with the Internal Revenue Service. The party bring suit must show that the United State has unequivocally waived its sovereign immunity."*

19. Contrary to Counsel's assertion, the Plaintiff has satisfied every element of Section 7433. Even if the Plaintiff had failed to exhaust his administrative remedy, the courts have excused exhaustion when such a requirement "would be futile because of the certainty of an adverse decision." 3 K. Davis, *Administrative Law Treatise* 20.07 (1958). Since that is not the case here, the Court need only review the evidence of exhaustion as submitted herein.

20. In the exhaustion of his administrative remedies, on or about September 28, 2005 or soon thereafter, Plaintiff served Defendant GREGORY COLLIER, C. SHERWOOD and numerous pertinent departments of the Internal Revenue Service, plus Senators BILL NELSON and MEL MARTINEZ a recorded "Notice and Demand to Issue Certificate of Release for Notice of Federal Tax Lien" with an affidavit and exhibits attached demanding the release of the Notices of Federal Tax Liens filed for tax years 2000 and 2001; including Form 12661 – Disputed Issue Verification, Form 843 – Claim for Abatement of Penalties, Form 12277 – Application for Withdrawal of Filed Notice of Federal Tax Lien, and a Form 9423 – Collection Appeals Request which resulted in no response from the Area Director at PO Box 17167, M/S 5700, Fort Lauderdale, Florida 33324 (Certified Mail No. 7004 2890 0001 9662 3759) and

seven (7) other IRS officials/offices petitioned for such release, with the exception of GREGORY COLLIER and DENNIS L. PARIZEK.

21. On or about October 3, 2005 or soon thereafter, Plaintiff served THOMAS M. OWENS, Appeals Settlement Officer a recorded "Notice and Affidavit of Facts and Correspondence to Collection Due Process" stating Plaintiff's legal position pursuant to Federal statutes, case law, and the Internal Revenue Code.

22. On or about October 21, 2005 or soon thereafter, Plaintiff served Defendant a "Notice and Demand for Abatement of Alleged Federal Income Tax Liability" responding the Defendant's Notice CP 504, which included a "Form 843 – Claim for Abatement of Penalties" and "Form 12661 – Disputed Issue Verification" that was mailed to the Area Director at PO Box 17167, M/S 5700, Fort Lauderdale, Florida 33324 (Certified Mail No. 7004 1350 0003 5907 8990) and three (3) other IRS officials/offices.

23. Plaintiff even petitioned the United States Congress for assistance and received responses from **U.S. Senator BILL NELSON**, dated November 10, 2005 and January 5, 2006 resulting in a response from the Taxpayer Advocate Nadya Farah (signing for Belinda A. Revel-Addis), resulting in no resolution of the issues and concerns raised by Plaintiff.

24. 26 U.S.C. § 7433(d)(1) states: *"judgment for damages shall not be awarded under [section 7433] unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service."*

25. *Several courts have "interpreted the exhaustion requirement as jurisdictional" in nature. Bennett v. United States, 361 F. Supp.2d 510, 514 (W.D. Va. 2005); see, e.g., Conforte v. United States, 979 F.2d 1375, 1377 (9th Cir. 1992); Info. Res., Inc. v. United States, 950 F.2d*

1122, 1125-27 (5th Cir. 1992); *Simmons v. United States*, 875 F. Supp. 318, 319 (W.D. N.C. 1994); *Music Deli & Groceries, Inc. v. I.R.S.*, 781 F. Supp. 992, 997 (S.D. N.Y. 1991).

26. In the Defendants' knee jerk response, which came as no surprise, Plaintiff received a Notice of Determination and Decision Letter of Appeals Manager EDD ^ESTERLING; dated October 18, 2005, making the biased and prejudicial determination that the action of the Defendants regarding the seizure would be sustained  - and did not rebut any of the violations committed by the Defendants under the internal revenue laws

27. The Plaintiff's attempt to resolve this matter has been absolutely futile. "*The administrative remedy is inadequate where the agency has expressed a willingness to act, but the relief it will provide through its action will not be sufficient to right the wrong.*" *Randolph-Sheppard*, 795 F.2d at 107 (original emphasis omitted). The term "exhaustion" applies to "two distinct legal concepts." *Avocados Plus Inc. v. Veneman*, 370 F.3d 1243, 1247 (D.C. Cir. 2004). The first, known as "non-jurisdictional exhaustion," is a "judicially created doctrine" that the court may, under certain circumstances and "in its discretion, excuse." Id. The second, called "jurisdictional exhaustion," is a statutory "predicate to judicial review . . . rooted, not in prudential principles, but in Congress' power to control the jurisdiction of the federal courts." Id. (citing *E.E.O.C. v. Lutheran Soc. Servs.*, 186 F.3d 959, 963-64 (D.C. Cir.1999). Because courts "presume exhaustion is non-jurisdictional," id. at 1248, there must be "[s]weeping and direct statutory language indicating that there is no federal jurisdiction prior to exhaustion, or the exhaustion requirement is treated as an element of the underlying claim." *Weinberger v. Salfi*, 422 U.S. 749, 757 (1975).

28. During the entire administrative process the Defendants have made their hard-line position clear and they are <u>not</u> obliged to following any internal revenue laws or procedural

requirements – committing only to the seizure and taking of Plaintiff's personal property to which they believe they have a superior claim. There is no question that the Defendants have articulated a clear position against the Plaintiff. *"An adverse decision can also be certain if an agency has articulated a clear position on the issue which it has demonstrated it would be unwilling to reconsider."* Id. (citing *Etelson v. Office of Pers. Mgnt.*, 684 F.2d 918, 925 (D.C. Cir. 1982).

29. Defendants' Counsel asserts in his motion on page 4, line 1 that: *"... plaintiff alleged that he filed a written claim with the area director in Massachusetts and not in the area in which he resides (Florida)."*   Counsel for Defendants relies solely on the word Massachusetts for his position here; however, Plaintiff never filed a his written claims with the Area Director in Massachusetts, he mailed his written claims to the Area Director in Fort Lauderdale, Florida. The term Massachusetts in the complaint on page 6, line 1 is a typographical error or typo.

30. There can be no question that Plaintiff has exhausted his administrative remedies in this instant case, the United States Defendant has waived sovereign immunity.  This Court has subject matter jurisdiction over this action; therefore, Defendants' motion to dismiss must be denied.

## VII.
## Section 7433 Is NOT Plaintiff's Exclusive Remedy

31. Plaintiff must remind Counsel for the Defendants that Plaintiff's Verified Complaint was cited on multi-jurisdictional grounds. Counsel doesn't deny that there was a violation of 26 U.S.C. §7431 when United States Defendants' publicly disclosed Plaintiff's social security number on recorded the Notices of Federal Tax Liens dated February 28, 2005, but asserts on page 5 paragraph 1: *"Plaintiff's 7431 claims must be dismissed pursuant to Fed.R.Civ.P. 12(b)(1) because section 7433 provides the exclusive remedy for allegedly unauthorized or*

*improper collection actions*." Counsel further asserts: "***Disclosures of return information***

***allegedly made in the course of collection actions are*** <u>***subsumed***</u> ***within this exclusive***

***remedy***."

32. Counsel is attempting to entirely sidestep 26 U.S.C. § 7431(a)(1), which states:

> "If any officer or employee of the United States knowingly, or by reason of
> negligence, inspects or discloses any return or return information with respect to a
> taxpayer in violation of any provision of section 6103, such taxpayer may bring a
> civil action for damages against the United States in a district court of the United
> States."

33. Defendants' Counsel knows fully that 26 U.S.C. § 7431 has not been repealed or

replaced and that Plaintiff has pled the section 7431 as a separate and distinct cause of action

within his complaint on page 37 paragraphs 132 through 135, which is <u>not</u> an unauthorized or

improper collection action cause of action.

The unauthorized or improper collection activity was the *issuing* the Notices of Federal Tax

Liens and *recording* them in the public records; however, Defendants are not relieved of liability

for disclosing return information because all they were required to do was to <u>redact Plaintiff's</u>

<u>social security number</u> before they recorded them. The disclosure of the return information was

not part of the collection activity.

34. Even if the Court decides to dismiss Plaintiff's 7431 claim (count seventeen (17) of the

complaint) Plaintiff's complaint contains twenty (20) other counts. Therefore, Defendants'

motion to dismiss must be denied.

## VIII.
### <u>Plaintiff Stated A Claim And Submitted Evidence Of Unlawful Disclosure</u>

35. The Defendants state at page 8, paragraph 1 that: "***But even if this case were properly***

***before the Court under 26 U.S.C. §§ 7431 or 7433, plaintiffs have not alleged sufficient facts***

*upon which to posit a violation of 26 U.S.C. § 6103, and therefore the matter should be dismissed under Fed.R.Civ.P. 12(b)(6)."*

36. Defendants' Counsel would like this Court to believe, contrary to the facts, that Plaintiff's complaint and every cause of action therein involved the violation of 26 U.S.C. § 7431 disclosure of return information in violation of 26 U.S.C. § 6103; however, that violation was only one (1) of the twenty-one (21) causes of action contained in the complaint.

37. Defendants' Counsel then misleadingly states on page 8, paragraph 2, line 2 that:

*Section 7433 protects taxpayers from negligent or intentional violations of section 6103, inter alia, in the collection process..."*

38. However, as the Court knows, 26 U.S.C. § 7433 states:

> **"(a) In general**
> **If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions."**

Nowhere in Section 7433 does it mention Section 6103, yet Counsel for the Defendants blathers on and on about Section 6103 from page 8 through most of page 11 of his motion and cites case after case that discuss only the violation of disclosure issue.

39. The violation of 26 U.S.C. § 7431(a) – that includes Section 6103 violation of disclosure – is only one count [count seventeen (17)] of the complaint, as stated above; however, Plaintiff's complaint contains twenty-one (21) counts. Therefore, Defendants' motion to dismiss must be denied.

**IX.**
**Plaintiff Has Stated A Quiet Title Claim Under 28 U.S.C. § 2410**

40. Defendants admit the 28 U.S.C. § 2410 creates federal district jurisdiction over suits to quiet title to real or personal property on which the United States has or claims a lien." The Counsel asserts on page 12, line 7 that:    *"However, the statute does not waive the Government's immunity where, as her, the plaintiff challenges the underlying tax liability – that the assessment is improper"* "The quiet-title act waives the federal government's sovereign immunity with respect to suits to determine title to real or personal property on which the United States has or claims a lien." 28 U.S.C. § 2410(a), see *Harrell v. United States*, 13 F.3d 233, 234 (7th Cir. 1993). *"A federal suit to clear a federal tax lien is governed by federal law – federal common law if the applicable statutes have gaps."* *United States v. Brosnan,* 363 U.S. at 240-42, 80 S.Ct. at 1111-12; *Dupnik v. United States,* 848 F.2d at 1484; *McEndree v. Wilson,* 774 F. Supp. At 1295-96. As the court stated: "All the quiet-title act does is waive sovereign immunity."

41. Then cited is *Robinson v. United States,* 920 F.2d 1157, 1161 (3rd Cir. 1990) permitting procedural challenges of assessment; and *Aqua Bar & Lounge, Inc. v. U.S. Dept. of Treasury,* 539 F.2d 935, 938-39 (3rd Cir. 1976), permitting procedural challenges of the liens.

42. Defendants' Counsel asserts on page 12, lines 5 through 10 and 14 to 16 that: Plaintiff's complaint in count 19, 1, 4, 5, 6, 7, 11 12 13 and 14 *"challenges the underlying tax liability or attempts to challenge the merits of the underlying tax liability under the guise of unauthorized collection claims."*

43. A thorough read of *Aqua Bar* is favorable to the Plaintiff's filing of his Verified Complaint, in *Aqua Bar* the court stated at 937, 939 and 940, "We turn first to the question of whether, based on the allegations contained in the complaint, this suit may be treated as an

action to quiet title to property on which the United States has a lien. We think that this question must be answered in the affirmative . . . Not only are we unpersuaded by the government's arguments for prohibiting a taxpayer from bringing a properly limited suit against the United States under § 2410, we also find strong policy reasons for permitting such an action. The inviolability of private ownership has long been a fundamental principle of our nation's jurisprudence. See *Thatcher v. Powell*, 6 Wheat. 119, 125, 5 L.Ed. 221 (1821). In recognition of this principle, Congress has imposed precise strictures on the seizure and sale of an individual's property by the IRS to satisfy legitimate tax deficiencies. These provisions, which the plaintiff contends were not complied with in the instant case, are for the obvious protection of the taxpayer faced with the loss of his property. *Reece v. Scoggins*, 506 F.2d 967, 971 (5th Cir. 1975). Yet, if § 2410 is construed to lift the barrier of sovereign immunity only to actions brought by parties other than *the taxpayer whose property is at stake, the taxpayer would have no available means of enforcing compliance with the procedures enacted for his benefit. In the absence of a Congressional directive to the contrary, we refuse to place such a narrowing construction on § 2410 and thus deprive a taxpayer of any remedy against arbitrary administrative action. We therefore hold that § 2410 constitutes a waiver of sovereign immunity to a suit brought by a taxpayer against the United States which challenges the validity of a federal tax lien and sale* so long as the taxpayer refrains from contesting the merits of the underlying tax assessment itself. The district court thus had jurisdiction to hear this action under that provision in combination with 28 U.S.C. § 1340."

44. Further: "It does not authorize quiet-title suits; it does not confer federal jurisdiction over them; it merely clears away the obstacle that sovereign immunity would otherwise place in the path of such a suit. *Harrell* has no problem, however, finding a basis for federal jurisdiction

for their quiet-title suit; it is 28 U.S.C. § 1340, which bestows on the federal district courts original jurisdiction of any civil action arising under the internal revenue laws. See *Harrell v. United States*, 13 F.3d 232 (7th Cir. 1993). As cited in the Plaintiff's Complaint at page 2, paragraph 2, the jurisdictional requisites are complete, as in this instant case the United States is the proper party, and the authority to file the quiet title action has been established under the internal revenue laws, *Id.*

45. Finally the court concluded in *Aqua Bar supra*: "Consequently, I would hold that the elaborate and detailed seizure and sale provisions of the Internal Revenue Code, 26 U.S.C. §§ 6331, 6335, of necessity provide an implied waiver of immunity where it is alleged that the Internal Revenue Service (IRS) has failed to comply with these Congressional mandated directives. See *Aqua Bar & Lounge, Inc* at 940. *Id.*

46. Plaintiff has successfully stated a quiet-title claim under 28 U.S.C. § 2410; therefore, Defendants' motion to dismiss must be denied.

## X.
## This Court Has Subject-Matter Jurisdiction Of Plaintiff's Claims

47. Defendants' Counsel under their subheading: "This court lacks subject-matter jurisdiction over Plaintiff's Constitutional Claims" asserts on page 13, paragraph 2: *"It is well-settled, that the United States is immune from suit, unless its sovereign immunity has been waived ...."* and ends its section with the statement: *"... this Court should dismiss plaintiff's constitutional claims, because they are barred by the doctrine of sovereign immunity."*

48. Plaintiff is in absolute agreement with the Defendants that: *"The United States, as a sovereign entity, may be sued only to the extent that it has consented to such suit by statute."* See *United States v. Mitchell*, 445 U.S. 535, 538 (1980).

49. However, there is not one count or cause of action in Plaintiff's complaint that cites a violation of the Constitution as a cause of action and seeks damages therefrom. Defendants' motion must be a boilerplate motion that was not checked for content.

50. The Court has subject-matter jurisdiction over Plaintiff's claims; therefore, said motion to dismiss must be denied.

### XI.
### Court Has Subject-matter Jurisdiction Over Plaintiff's Claim
### Under Section 7214 of the Internal Revenue Code

51. Finally, Defendants' assert on page 16, paragraph 3: *"Plaintiff asserts that the allegation s of the complaint support a separate cause of action pursuant to section 7214, relation to the failure of officers or employees of the Internal Revenue Service to perform the duties of their office or employment (Counts 15, 16, and 21).* As cited in *Bivens v. Six Unknown Fed. Narcotics Agents*, 392, 403 U.S. 388 (1971). "*An agent acting — albeit unconstitutionally — in the name of the United States possesses a far greater capacity for harm than an individual trespasser exercising no authority other than their own.*" Cf. *Amos v. United States*, 255 U.S. 313, 317 (1921); *United States v. Classic*, 313 U.S. 299, 326 (1941).

52. Plaintiff's citing of 26 U.S.C. § 7214 is not an attempt to seek criminal prosecution, but merely a reference, as no other authorities bearing clear statutory language that would afford Plaintiff the ability of a civil remedy. The Plaintiff did not insert the term "in the nature of" because the plain language was so clear and ambiguous.

53. Section 7214 gives the Court jurisdiction over officers and employees who perpetrate "Unlawful Acts" against a party; in fact it states the Court *shall* render judgment against said officer or employee for damages in favor of the party injured.

*54.* The Court should not dismiss these causes of action; however, the Court should deny Defendants' motion to dismiss this case.

## CONCLUSION

55. The record reflects that Plaintiff has demonstrated he filed a proper administrative claim for damages with the Internal Revenue Service Area Director in Florida, proving that Affiant exhausted his administrated remedies, the United States effectively waved its sovereign immunity and the Court's subject matter jurisdiction is ceded over the United States Defendant, if not all other officers therein named. Further, Plaintiff has successfully stated a "Quiet Title Claim under 28 U.S.C. § 2410 and ceded this Court's jurisdiction over injunctive and declaratory relief pursuant 26 U.S.C. § 7421(a); therefore, Defendants' motion to dismiss the complaint must be denied.

**WHEREFORE;** In the interest of justice and considering the entire record, Plaintiff moves this Honorable Court to deny the Defendants' motion to dismiss Counts 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, and 21 of Plaintiff's complaint and or deny the motion to dismiss complaint on the grounds stated herein above as the only just and proper remedy.

Respectfully submitted,

I, Harry Pollinger, declare under penalty of perjury under the laws of the United States of America (Northern) that the foregoing is true and correct. All rights retained without recourse.

On this _17_ day of April 2007

/s/ *Harry Pollinger*
Harry Pollinger, Plaintiff

## CERTIFICATE OF SERVICE

I, Harry Pollinger, certify that on April *17*, 2007, I served a copy of the above Response

to Defendants' Motion to Dismiss, Affidavit in Support with Exhibits, and proposed Order on the

following parties:

Beatriz T. Saiz, Trial Attorney
U.S. Department of Justice
Ben Franklin Station
P.O. Box 227
Washington, DC 20044

Certified Mail No.  7006 2760 0001 4761 7828

/s/ *Harry Pollinger*
Harry Pollinger

Harry Pollinger
c/o  PO Box 6577
Destin, Florida [32550]
(850) 376-6088

Plaintiff, in *pro se*

# RECEIVED

APR **1 9** 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Harry Pollinger, ) | Case No.  06-cv-01885-CKK |
| Plaintiff, ) | |
| v. ) | **AFFIDAVIT IN SUPPORT OF RESPONSE** |
| ) | **TO DEFENDANT'S MOTION TO DISMISS** |
| UNITED STATES OF AMERICA, a Federal ) | |
| Corporation, GREGORY COLLIER, C. ) | Mandatory Judicial Notice |
| SHERWOOD, R. A. and MITCHELL, ) | Fed.R.Evid. 201(d) |
| ) | |
| Defendants. ) | Affidavit of Harry Pollinger |
| ) | |

1. Harry Pollinger declares and states as follows:

2. I am the Plaintiff (hereinafter referred to as "Affiant") in the above entitled action and competent to testify to the facts stated herein to wit:

3. That all statements made within this affidavit are true and correct not meant to mislead;

4. That Harry Pollinger exists as conscious, thinking, living, breathing, flesh and blood sentient being– NOT a statutory person, person, natural person, artificial person, individual, citizen, corporation, entity, or any other sub-status, fourth class citizen *ens legis* creation of any government, federal, state, local or otherwise.

5. That Harry Pollinger is unschooled in law, not an attorney or bar association member, and is attempting to dispose of this action to the best of his ability with reliance upon your statutes, codes, rules and regulations, including those established by the Constitution of the United States of America, United States Congress, and the United States Supreme Court.

6. Affiant herein submits into evidence "Exhibits A through E" (consisting of 16 pages) and demands this Court take mandatory judicial notice of adjudicative facts pursuant Fed.R.Evid. 201(d) and pursuant to 1 U.S.C. § 204(a), which states in pertinent part: *"The matter set forth in the edition of the Code of Laws of the United States current at any time shall . . . establish prima facie the laws of the United States . . ."* and deem said Exhibits admitted.

7. That on or about September 28, 2005 or soon thereafter, Affiant exhausted his administrative remedies when Affiant served Defendant GREGORY COLLIER, C. SHERWOOD and numerous pertinent departments of the Internal Revenue Service, including the **Area Director** (at PO Box 17167, M/S 5700, Fort Lauderdale, Florida 33324 – Certified Mail No. 7004 2890 0001 9662 3759), plus Senators BILL NELSON and MEL MARTINEZ a recorded "Notice and Demand to Issue Certificate of Release for Notice of Federal Tax Lien" with an affidavit and exhibits attached demanding the release of the Notices of Federal Tax Liens filed for tax years 2000 and 2001; including a "Form 12661 – Disputed Issue Verification," a "Form 843 – Claim for Abatement of Penalties," a "Form 12277 – Application for Withdrawal of Filed Notice of Federal Tax Lien," and a "**Form 9423 – Collection Appeals Request,**" which resulted in <u>no response</u> from the **Area Director** and seven (7) other IRS officials/offices petitioned for such release, with the exception of GREGORY COLLIER and DENNIS L. PARIZEK (see **Exhibit "A"**), and Senators BILL NELSON and MEL MARTINEZ (see **Exhibit "E"**).

7. That on or about September 13, 2005, Thomas M. Owens, Settlement Officer sent Affiant a letter regarding the collection due process, Levy, and extending the collection due process hearing until October 5, 2005 for time to send any additional information before the determination would be made (see **Exhibit "B"**).

8. That on or about October 3, 2005 or soon thereafter, Affiant served THOMAS M. OWENS, Appeals Settlement Officer, a recorded "Notice and Affidavit of Facts and Correspondence to Collection Due Process" stating Affiant's legal position pursuant to Federal statutes, case law, and the Internal Revenue Code (see **Exhibit C**).

9. That on or about October 21, 2005 or soon thereafter, Affiant served Defendant a "Notice and Demand for Abatement of Alleged Federal Income Tax Liability" responding the Defendant's Notice CP 504, which included a "Form 843 – Claim for Abatement of Penalties" and a "Form 12661 – Disputed Issue Verification" that were mailed to the Area Director (at PO Box 17167, M/S 5700, Fort Lauderdale, Florida 33324 – Certified Mail No. 7004 1350 0003 5907 9010) and three (3) other IRS officials/offices (see **Exhibit "D"**).

10. That Affiant even petitioned the United States Congress for assistance and received responses from U.S. Senator BILL NELSON dated November 10, 2005 and January 5, 2006, that resulted in a response from the Taxpayer Advocate Nadya Farah (signing for Belinda A. Revel-Addis), but no resolution of the issues and concerns raised by Affiant.

11. That Affiant received a Notice of Determination and Decision Letter from Appeals Manager EDD ESTERLING dated October 18, 2005, making the biased and prejudicial determination that the action of the Defendants regarding the seizure would be sustained  - and, of course, did not refute any of the violations of the internal revenue laws committed by Defendants (see **Exhibit "E"**).

12. That Affiant's attempt to resolve this matter has been absolutely futile. During the entire administrative process the Defendants have made their hard-line position clear and that they are <u>not</u> obliged to following any internal revenue laws or procedural requirements –

committing only to the seizure and taking of Affiant's personal property to which they believe they have a superior claim.

13. That the record reflects that Affiant has demonstrated he filed a proper administrative claim for damages with the Internal Revenue Service Area Director in Florida, proving that Affiant exhausted his administrated remedies, the United States effectively waved its sovereign immunity and the Court's subject matter jurisdiction is ceded over the United States Defendant, if not all other officers therein named. Further, Affiant has successfully stated a "Quiet Title Claim" under 28 U.S. § 2410 and has ceded the Court's jurisdiction over injunctive and declaratory relief pursuant 26 U.S.C. § 7421(a); therefore, Defendants' motion to dismiss the complaint must be denied.

I, Harry Pollinger, declare under penalty of perjury that the exhibits enumerated herein are true unaltered copies of original and copies to the best of my knowledge and belief. That all deleted sections made by me have been done so pursuant to the Privacy Act at 5 U.S.C.§ 552(b)(6).

Respectfully submitted,

## VERIFICATION

I, Harry Pollinger, declare under penalty of perjury under the laws of the United States of (North) America that the foregoing is true and correct. All rights retained without recourse.

On this __17__ day of April 2007

/s/ _Harry Pollinger_
Harry Pollinger/Affiant

## NOTARY ACKNOWLEDGMENT

State of Florida    )
                  ) subscribed and sworn
County of _WALTON_ )

On this _17TH_ day, of _April_ , 2007, _Harry Pollinger_ personally appeared,

personally known to me, or proved to me on the basis of satisfactory evidence to be the one

whose name is subscribed to within this instrument and who did take an Oath.

Witness my hand and official seal.

Signature of Notary

JIMMY L ROHN
Notary Public, State of Florida
My comm. exp. Nov. 9, 2009
Comm. No. DD 489464

My Commission Expires: _Nov 9, 2009_

## ATTACHMENTS:

**Exhibit A:** Notice and Demand to Issue Certificate of Release of Notice of Federal Tax Lien, with Form 12661 – Disputed Issue Verification, Form 843 – Claim for Abatement of Penalties, Form 12277 – Application for Withdrawal of Filed Notice of Federal Tax Lien, and Form 9423 – Collection Appeals Request (8 pages)

**Exhibit B:** Collection Due Process Hearing extension letter (1 page)

**Exhibit C:** Notice and Affidavit of Facts to Collection Due Process Hearing (2 pages)

**Exhibit D:** Notice and Demand for Abatement of Alleged Federal Income Tax Liability with Form 843 – Claim for Abatement and Form 12261 – Disputed Issue Verification (5 pages)

**Exhibit E:** Response letters from Senators Bill Nelson and Mel Martinez (2 pages)

**EXHIBIT "A"**

Notice and Demand to Issue Certificate of Release of Notice of Federal Tax Lien
with Form 12661 – Disputed Issue Verification, Form 843 – Claim for Abatement of
Penalties, Form 12277 – Application for Withdrawal of Filed Notice of Federal Tax Lien,
and  Form 9423 – Collection Appeals Request
(8 pages)

Instr # 2265498
BK: 2654 PG:4569,Page 1 of 101
Recorded 09/28/2005 at 01:02 PM,
RECORDING: $456.00 RECORDING ARTICLE V: $404.00

DEPUTY CLERK BHILL
DON W. HOWARD,CLERK OF COURTS, OKALOOSA COUNTY, FL

Return to:
Harry Pollinger
c/o PO Box 6577
Destin, Florida [PZ 32550]

_____ (Space above the line for recording data)_____

# NOTICE AND DEMAND TO ISSUE CERTIFICATE
## OF RELEASE FOR NOTICE OF FEDERAL TAX LIEN

State of Florida          )
                          ) ss:
County of **OKALOOSA** )

**NOTICE IS HEREBY GIVEN:** Harry Pollinger, on this _28_ day of _SEPTEMBER_ 2005, officially records this Notice and Demand titled "Notice and Demand to Issue Certificate of Release for Notice of Federal Tax Lien" extinguishing the appearance of attachments to Affiant's property regarding the fraudulent Notice of Federal Tax Lien that is Barred by the Statute of Limitations on Assessments pursuant to 26 U.S.C. § 6501, in violation of 26 U.S.C. § 83 – Property Transferred in connection with the Performance of Services and in violation of the Constitution for the United States of America at Article I, § 9 Clause 3, and Article I, § 10, Clause 1, stating in part: "No Bill of Attainder . . . shall ever pass." "*A bill of attainder is a legislative act which applies to named individuals or to easily ascertained members of a group in such a way as to inflict punishment on them without judicial trial. United States v. Brown*, 381 U.S. 437, 14 L. Ed. 2d 484, 85 S. Ct. 1707 (1965), In order to be termed a bill of attainder, a law must: (1) specify the affected persons; (2) impose punishment; and (3) lack a judicial trial. *Selective Serv. Sys. v. Minn. Pub. Interest Research Group*, 468 U.S. 841, 847 (1984). Additionally, pursuant to 28 U.S.C. § 3201(a), C. Sherwood and Revenue Officer Gregory Collier are in violation of law and failed to obtain the required "Abstract of Judgment" secured by a judicial action under 26 USC § 7403(a) and (c). Please be advised that an active investigation regarding the aforementioned violations—pending a lawsuit—is in effect until such time settlement and closure of this disputed, administrative, non-judicial inchoate instrument has been removed and the property *replevied*.

NOTICE AND DEMAND TO ISSUE CERTIFICATE              1 of 30              Harry Pollinger- Notary page 29
OF RELEASE FOR FEDERAL TAX LIEN                                              Total Exhibits = 69

This constructive notice and verified compliant are conditional acceptances and specific negative averments under the protection of the Joint Committee on Taxation - 109th Congress, Equal Access to Justice Act, IRS Restructuring and Reform Act of 1998 § 1203 – Treasury Directive 8980 effective January 18, 2002 and the Administrative Procedures Act at 5 U.S.C. § 552 et. seq., regarding Department of the Treasury Internal Revenue Service Form 668(Y)(c). Affiant states under penalty of perjury under the laws of the State of Florida and upon oath and affirmation the following statements herein are true and correct.

Harry Pollinger, hereinafter referred to as "Affiant," is in possession of a "Notice of Federal Tax Lien" appearing to attach to Affiant's property rights claiming an alleged liability in the amount of $14,125.65 for tax periods ending 12/31/2000 and 2001 (See Exhibit A). Affiant is not aware of any federal tax liability that exists and presents IRS Form 843 demanding Service employees abate this alleged claim due to the aforementioned violations. Affiant does not wish to be in violation of the internal revenue laws or the income tax laws, but seeks to extinguish your determination that Affiant has a federal income tax liability.

## I.
## AGENCY MUST ACKOWLEDGE CORRESPONDENCE WITHIN 10 DAYS:

**SERVICE EMPLOYEE(S) CORRESPONDENCE REQUIREMENTS:** Although Affiant has timely and in good faith responded to every notice received from the IRS regarding issues of an alleged liability, Service employee(s) have refused to respond or answer Affiant in any manner. Therefore, the following regulations are referenced to insure that the employee(s) reading this response, remain in compliance with the rules and regulations passed by Congress at 26 U.S.C. §§ 7214, 7432, 7433 et. seq., and the IRS Restructuring and Reform Act of 1998, 26 U.S.C. § 7804, §§ 1203 Termination of Employment For Misconduct. (b)(1) *"willful failure to obtain the required approval signatures on documents* (2) *providing a false statement under oath* (A) *any rights under the Constitution of the United States and numerous other violations;"* and other Acts of Congress as herein proscribed (See Exhibit B).

**ADMINISTRATIVE PROCEDURES ACT**: pursuant to 5 U.S.C. § 552a. Records maintained on individuals. (d) **Access to Records** — Each agency that maintains a system of records shall—
(1) *upon request by any individual to gain access to his record or to any information pertaining to him which is contained in the system, permit him and upon his request,* a person of his own choosing to accompany him, to review the record and have a copy made of all or any portion thereof in a form comprehensible to him, except that the agency may require the individual to furnish a written statement authorizing discussion of that individual's record in the accompanying person's presence;
(2) *permit the individual to request amendment of a record pertaining to him and—*
(A) *not later than 10 days* (excluding Saturdays, Sundays, and legal public holidays) *after the date of receipt of such request, acknowledge in writing such receipt*; and (B) promptly, either—
(i) *make any correction of any portion thereof which the individual believes is not accurate, relevant, timely, or complete*; or (ii) *inform the individual of its refusal to amend the record in accordance with his request, the reason for the refusal,*

receipt of Affiant's correspondence and/or Letter 2358C notifying Affiant that this account is resolved.

I, Harry Pollinger, declare under penalty of perjury pursuant to 28 U.S.C. § 1746(1), that this document was prepared by me and I believe the above to be true and correct to the best of my knowledge, understanding.

Signature: _Harry Pollinger_

Harry Pollinger, Affiant

State of Florida        )
                        ) ss:
County of _Walton_      )

I certify on this _28th_ day of _September_, 2005 that I know or have satisfactory evidence that Harry Pollinger is the person who appeared before me and said person acknowledged that he signed this instrument and acknowledged it to be his free and voluntary act for the uses and purposes mentioned in the instrument.

Witness my hand and official seal:



STEPHANIE C GONZALES
Notary Public - State of Florida
My Commission Expires Feb 22, 2009
Commission # DD 398961
Bonded By National Notary Assn.

_____
Signature of Notary

My Commission Expires: _Feb, 22, 2009_

**INCLUSIONS:**

IRS Form 12661 – **Disputed Issue Verification**
IRS Form 843 – **Claim for Refund and Request for Abatement**
IRS Form 12277 – **Application for Withdrawal of Filed Form 668(Y)**
IRS Form 9423 – **Collection Appeal Request**

**ATTACHMENTS:**

**EXHIBIT A:** IRS FORM 668(Y)(c)/CERTIFICATE OF OFFICIAL RECORD
**EXHIBIT B:** Correspondence Requirements of Public Officials
**EXHIBIT C:** Federal Rules of Evidence (Moore's Federal Rules Pamphlet)
**EXHIBIT D:** 26 U.S.C. §§ 7214, 7432 and 7433 – Civil Damages for Misconduct
**EXHIBIT E:** 26 U.S.C. § 6020(b), IRM 5.1.11.9 IRC 6020(b) Authority
**EXHIBIT F:** 26 CFR § 1.83-1- Property Transferred in Connection with the Performance of
            Services & Applicable Regulations, 26 USC § 1.212-1(a)(1) and (2), 26 USC §
            1.1001-1
**EXHIBIT G:** 26 CFR § 602.101 – Office of Management and Budget
**EXHIBIT H:** IRS Penalty Assessment Manual (20)120-(20)-124: Purpose of Penalties

**Mail to:**

**Department of the Treasury**
Secretary of the Treasury: John Snow
Office of the Secretary
1500 Pennsylvania Ave. N.W
Washington D.C. 20220
Certified Mail #: 7004 2890 0001 9662 3704

**Department of the Treasury**
Internal Revenue Service
PO Box 17167
FT Lauderdale, FL 33324
Certified Mail #: 7004 2890 0001 9662 3728

**Department of the Treasury**
**Commissioner of Internal Revenue**
Mark Everson
'111 Constitution Ave NW
ırk Everson
Washington D.C. 20224
Certified Mail #: 7004 2890 0001 9662 3742

**Department of the Treasury**
Internal Revenue Service
Office of the Taxpayer Advocate
1111 Constitution Avenue N. W.
Washington D.C. 20224
Certified Mail #: 7004 2890 0001 9662 3766

**The Honorable Mel Martinez**
United States Senate
317 Hart Senate Office Building
Washington, D.C. 20510
Certified Mail #. 7004 2890 0001 9662 3780

**Department of the Treasury**
Internal Revenue Service
Attn: GREGORY COLLIER
125 W. Romana Street
Pensacola, FL 32502-5848
Certified Mail #. 7004 2890 0001 9662 3636

**TIGTA**
PO Box 589
Ben Franklin Station
Washington, DC 20044-0589
Certified Mail #: 7004 2890 0001 9662 3711

**Joint Committee on Taxation**
Attn: George Yin, Chief of Staff
1015 Long Worth Bldg
Washington, DC 20515
Certified Mail #: 7004 2890 0001 9662 3735

**Department of the Treasury**
Internal Revenue Service
Area Director, Chief Special Procedures
PO Box 17167, M/S 5700
FT. Lauderdale, FL 33324
Certified Mail #. 7004 2890 0001 9662 3759

**Department of the Treasury**
Internal Revenue Service
Technical Service Group Manager
PO Box 17167, M/S 5700
FT. Lauderdale, FL 33324
Certified Mail #. 7004 2890 0001 9662 3773

**The Honorable Bill Nelson**
United States Senate
716 Hart Senate Office Building
Washington, D.C. 20510
Certified Mail #. 7004 2890 0001 9662 3797

| Form **12661**<br>(September 2000) | Department of the Treasury - Internal Revenue Service<br><br>## Disputed Issue Verification |
|---|---|

Taxpayer name

## Harry Pollinger

| Tax period<br><br>**12/31/2000 and 2001** | Social Security Number<br><br>EXEMPT (b)(6) |
|---|---|

### Instructions for completing disputed issues

Please complete a separate block for each issue or adjustment with which you disagree.

Attach photocopies of supporting information for each issue or adjustment marked.  Number the supporting information with the same number as its disputed issue.  If you need additional blocks, photocopy additional sheets and number accordingly.

**1. Disputed issue or adjustment**

## Mathematical & Accounting Errors Regarding Liability

Reason why you disagree with the audit results

## See:  Notice and Demand… w/Affidavit and Exhibits

| Amount claimed on original return<br><br>**SFR filed by RO** | Amounts allowed on Audit report<br><br>? |
|---|---|

**2. Disputed issue or adjustment**

Reason why you disagree with the audit results

| Amount claimed on original return | Amounts allowed on Audit report |
|---|---|

**3. Disputed issue or adjustment**

Reason why you disagree with the audit results

| Amount claimed on original return | Amounts allowed on Audit report |
|---|---|

### Do not send original documents — Send photocopies only

*Harry Pollinger*                                         9-28-05

#### Privacy Act Notice

The Privacy Act of 1974 says that when we ask you for information, we must first tell you our legal right to ask for the information, why we are asking for it, and how it will be used. We must also tell you what could happen if you do not provide it and whether or not you must respond under the law. This notice applies to tax returns and any papers filed with them. It also applies to any questions we need to ask you so we can complete, correct, or process your return; figure your tax; or collect tax, interest, or penalties.

Our legal right to ask for information is Internal Revenue Code sections 6001, 6011, and 6012(a) and their regulations. They say that you must file a return or statement with us for any tax you are liable for. Your response is mandatory under these sections. Code section 6109 and its regulations say that you must show your social security number or individual taxpayer identification number on what you file.

Form **843**
(Rev. November 2002)
Department of the Treasury
Internal Revenue Service

## Claim for Refund and Request for Abatement

► **See separate instructions.**

OMB No. 1545-0024

Use Form 843 only if your claim involves **(a)** one of the taxes shown on line 3a or **(b)** a refund or abatement of interest, penalties, or additions to tax on line 4a.

Do **not** use Form 843 if your claim is for—
- An overpayment of income taxes;
- A refund for nontaxable use (or sales) of fuel; or
- An overpayment of excise taxes reported on Form(s) 11-C, 720, 730, or 2290.

| | | |
|---|---|---|
| **Type or print** | Name of claimant<br>**Harry Pollinger** | Your SSN or ITIN<br>**EXEMPT (b)(6)** |
| | Address (number, street, and room or suite no.)<br>**c/o PO box 6577** | Spouse's SSN or ITIN<br>: **N/A** |
| | City or town, state, and ZIP code<br>**Destin, Florida 32550** | Employer identification number (EIN)<br>: **N/A** |
| | Name and address shown on return if different from above<br>**N/A** | Daytime telephone number<br>(    ) **N/A** |

**1** Period. Prepare a separate Form 843 for each tax period
From **12 / 31 / 1999** to **12 / 31 / 2000**

**2** Amount to be refunded or abated
$ **4,243.04 (Abatement)**

**3a** Type of tax, penalty, or addition to tax:
☐ Employment  ☐ Estate  ☐ Gift  ☑ Excise (see instructions)
☑ Penalty—IRC section ► **6651 & 6601**

**b** Type of return filed (see instructions):
☐ 706  ☐ 709  ☐ 940  ☐ 941  ☐ 943  ☐ 945  ☐ 990-PF  ☐ 4720  ☑ Other (specify) **SFR**

**4a** Request for abatement or refund of:
☑ Interest as a result of IRS errors or delays.
☑ A penalty or addition to tax as a result of erroneous advice from the IRS.

**b** Dates of payment ► **N/A**

**5** **Explanation and additional claims.** Explain why you believe this claim should be allowed, and show computation of tax refund or abatement of interest, penalty, or addition to tax. If you need more space, attach additional sheets.

(See Attached Recorded Notice and Demand w/Affidavit and Exhibits)

1.) Failed to properly compute and/or calculate IRC Sec. 83 -- Property Transferred in Connection with Performance of Service.

2.) Failed to establish the liability and implementing regulations.

3.) Assessment Erroneous Including Interest and Penalties.

4.) Failed and Refused to Identify the "Occurrence of the Event" that Created the Alleged Liability.

5.) Misapplication of IRC 6651 penalty assessment.

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

*Harry Pollinger*
Signature (Title, if applicable. Claims by corporations must be signed by an officer.)

Date **9-28-05**

Signature ............................................................  Date ............................

For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.    Cat. No. 10180R    Form **843** (Rev. 11-2002)

Form **12277**
(Rev. June 2004)

Department of the Treasury - Internal Revenue Service
## Application for Withdrawal of Filed
## Form 668(Y), Notice of Federal Tax Lien
### (as based on Internal Revenue Code Section 6323(j))

### General Instructions

1. Attach a copy of the Form 668(Y), "*Notice of Federal Tax Lien*", affecting the property, if available. You may also provide other documentation that you feel substantiates your request. If the information you supply is not complete, it may be necessary for the Technical Services Group Manager to obtain additional information before issuing the notice of withdrawal.

2. Please mail your request to the IRS, ATTN: Technical Services Group Manager, in the area where you live. Use Publication 4235, "*Technical Services Group Addresses*", to determine where to mail your application.

3. If a determination is made to withdraw the filed Form 668(Y), we'll send you a Form 10916(c), "*Withdrawal of Filed Notice of Federal Tax Lien*", and we'll notify your creditors if you provide the names and addresses of the credit reporting agencies or financial institutions.

4. If, at a later date, additional copies of the Form 10916(c) are needed, you must provide a written request to the Technical Services Group Manager. The request must provide the following information:

    **a.** the name, current address and taxpayer identification number of the person requesting that the credit reporting agency, financial institution or creditor be notified of the withdrawal of the Notice of Federal Tax Lien;

    **b.** a copy of the notice of withdrawal, if available; **and**

    **c.** a list of the names and addresses of any credit reporting agencies, financial institutions, or creditors that you want notified of the withdrawal of the filed Form 668(Y).

    **NOTE:** This document also serves as our authority to release the notice of withdrawal information to the agencies or financial institutions you have identified.

| 1. Name *(First, Middle Initial, Last)* | 2. SSN or EIN |
|---|---|
| Harry Pollinger | Exempt (b)(6) |

3. Address *(Number, Street, P.O. Box)*

c/o PO Box 6577

| 4. City | 5. State | 6. ZIP code |
|---|---|---|
| Destin | Florida | 32550 |

7. Reason for requesting withdrawal of the filed Notice of Federal Tax Lien *("x" appropriate box and, on a separate sheet, explain the events that occurred.)*

[X] a. The notice was filed prematurely, or not in accordance with IRS procedures.

[ ] b. The taxpayer entered into an installment agreement to satisfy the liability on the lien *(unless the agreement provides otherwise).*

[ ] c. The withdrawal will facilitate collection of the tax, **or**

[X] d. The withdrawal would be in the best interest of both the taxpayer *(as determined by the Taxpayer Advocate)* and the government.

| **Affirmation** | Under penalties of perjury, I declare that I have examined this application *(including any accompanying schedules, exhibits, affidavits, and statements)* and, to the best of my knowledge and belief, it is true, correct and complete. |
|---|---|
| | Signature *(Taxpayer or Representative)* — *Harry Pollinger* |
| | Date — 9/28/05 |

Part 1— IRS Copy       Catalog No. 27939C       www.irs.gov       Form **12277** (Rev. 6-2004)

# Collection Appeal Request

| 1. Taxpayer's Name | | 2. Representative: (Form 2848, Power of Attorney Attached) |
|---|---|---|
| Harry Pollinger | | N/A |

| 3. SSN/EIN | 4. Taxpayer's Business Phone | 5. Taxpayer's Home Phone | 6. Representative's Phone |
|---|---|---|---|
| Exempt (b)(6) | N/A | N/A | N/A |

**7. Taxpayer's Street Address**

PO Box 6577

| 8. City | 9. State | 10. Zip Code |
|---|---|---|
| Destin | Florida | 32550 |

| 11. Type of Tax (Tax Form) | 12. Tax Periods Being Appealed | 13. Tax Due |
|---|---|---|
| 1040A | 12/31/2000 | Alleged $4,243.04 |

## Collection Action(s) Appealed

14. Please Check the Collection Action(s) You're Appealing:

- [✓] Federal Tax Lien
- [ ] Levy or Notice of Levy
- [ ] Seizure
- [ ] Denial of Installment Agreement
- [ ] Termination of Installment Agreement

## Explanation

15. Please explain why you disagree with the collection action(s) you checked above and explain how you would resolve your tax problem. Attach additional pages if needed. Attach copies of any documents that you think will support your position.

(See Attached Recorded Notice and Demand w/Affidavit and Exhibits)

1.) Failed to properly compute and/or calculate IRC Sec. 83 -- Property Transferred in Connection with Performance of Service.

2.) Failed to establish the liability and implementing regulations.

3.) Assessment Erroneous Including Interest and Penalties.

4.) Failed and Refused to Identify the "Occurrence of the Event" that Created the Alleged Liability.

5.) Misapplication of IRC 6651 penalty assessment.

Under penalties of perjury, I declare that I have examined this request and the attached documents, and to the best of my knowledge and belief, they are true, correct and complete. A submission by a representative, other than the taxpayer, is based on all information of which preparer has any knowledge.

| 16. Taxpayer's or Authorized Representative's Signature | 17. Date |
|---|---|
| *Harry Pollinger* | 9-28-05 |
| 18. Collection Manager's Signature | 19. Date Received |
| | |

Form 9423 (Rev. 01-1999)    Catalog Number 14169I    (Over)    Department of the Treasury – Internal Revenue Service

**EXHIBIT "B"**

Collection Due Process Hearing extension letter
(1 page)

**Internal Revenue Service**
Appeals Office
801 Tom Martin Dr., Suite 237
Birmingham, AL  35211

Date:  September 13, 2005

HARRY POLLINGER
POST OFFICE BOX 6577
DESTIN FL  32550

**Department of the Treasury**

**Person to Contact:**
 Thomas M. Owens
 Employee ID Number: 72-19200
 Tel:  (205)912-5442
 Fax:  (205)912-5445
**Refer Reply to:**
 AP:FE:BIR:TMO
**In Re:**
 Collection Due Process - Levy
**Tax Period(s) Ended:**
 12/2000 12/2001

Dear Mr. Pollinger:

 Thank you for your correspondence of September 7, 2005.  I will be glad to conduct your conference via correspondence as you have requested. I do not understand why you need a 30 day extension to prepare and submit your information, especially since you made your Collection Due Process request in April 2005.  It is customary to grant a two week extension if the taxpayer requests it however, and I will be glad to do that in this case.  Please send your information so that it is received by me no later than October 5, 2005.

The information that was requested from you previously is still needed if you wish to be considered for collection alternatives – namely a completed Form 433-A and your completed income tax returns for 1999, 2003 and 2004.  If you have any questions, please feel free to write or call me.

In addition, please be aware that a determination will be made on your case after the October 5 due date. If no additional information has been received from you, the determination will be based on the information already in Service files.

Sincerely,

Tom Owens

Thomas M. Owens
Settlement Officer

**EXHIBIT "C"**
Notice and Affidavit of Facts to Collection Due Process Hearing
(2 pages)

FILE # 2266665 RCD: 10/03/2005 @ 12:38 PM, BK: 2655  PG: 4752  RECORDING:
$321.00   RECORDING ARTICLE V:  $284.00      DEPUTY CLERK TSADLER DON W. HOWARD,
CLERK OF COURTS, OKALOOSA COUNTY FL

**Return to:**
**Harry Pollinger**
**c/o PO Box 6577**
**Destin, Florida [PZ 32550]**
_____ (Space above the line for recording data)_____

## NOTICE AND AFFIDAVIT OF FACTS AND CORRESPONDENCE
## TO COLLECTION DUE PROCESS HEARING

State of Florida          )
                          ) ss:
County of OKALOOSA )

NOTICE IS HEREBY GIVEN: Harry Pollinger, on this 3 RD day of OCTOBER 2005, officially records this Notice and Affidavit of Facts and Correspondence to Collection Due Process Hearing. Harry Pollinger, hereinafter referred to as "Affiant," is in possession of your CDP hearing acknowledgement letter dated September 13, 2005 (See Exhibit A) and presents Appeals Settlement Officer Thomas M. Owens or other authorized officer(s) the following Affidavit of Facts and Correspondence/Information with exhibits in support regarding requested Collection Due Process Hearing for tax periods ending 12/2000 and 12/2001.

This constructive notice and affidavit of facts are conditional acceptances and averments are submitted under the protection of the Joint Committee on Taxation - 109th Congress, Equal Access to Justice Act, IRS Restructuring and Reform Act of 1998 § 1203 – Treasury Directive 8980 effective January 18, 2002 and the Administrative Procedures Act at 5 U.S.C. § 552 et. seq., regarding Department of the Treasury Internal Revenue Service Collection Due Process Hearing. Affiant states under penalty of perjury under the laws of the State of Florida and upon oath and affirmation the following statements herein are true and correct.

*"Silence can only be equated with fraud where there is a legal or moral duty to speak or where an inquiry left unanswered would be intentionally misleading...This sort of deception will not be tolerated and if this is the routine it should be corrected immediately."* United States vs. Tweel, 550 F. 2d 297

**REMINDER:** Please adhere to the principles set out at 26 CFR § 601.106 Rule I. *An exaction by the U.S. Government, which is not based upon law, statutory or otherwise, is taking of property without due process of law, in violation of the Fifth Amendment to the U.S. Constitution.* Accordingly, an Appeals representative in his or her conclusion of fact and application of law, shall hew to the law and the recognized standard of legal construction. *It shall be his or her duty to determine the correct amount of tax, with strict impartiality between the taxpayer and the Government.* **(See Exhibit B)**

I, Harry Pollinger, declare under penalty of perjury pursuant to 28 U.S.C. § 1746(1), that this document was prepared by me and I believe the above to be true and correct to the best of my knowledge, understanding.

Signature: _Harry Pollinger_

Harry Pollinger, Affiant

State of Florida        )
                        ) ss:
County of OKALOOSA )

I certify on this __3rd__ day of __October__, 2005 that I know or have satisfactory evidence that Harry Pollinger is the person who appeared before me and said person acknowledged that he signed this instrument and acknowledged it to be his free and voluntary act for the uses and purposes mentioned in the instrument.

Witness my hand and official seal: _____

Signature of Notary

STEPHANIE C GONZALES
Notary Public - State of Florida
My Commission Expires Feb 22, 2009
Commission # DD 368861
Bonded By National Notary Assn.

My Commission Expires: _Feb 22, 2009_

**ATTACHMENTS:**

**EXHIBIT A:** CDP Hearing Acknowledgement Letter / CERTIFICATE OF OFFICIAL RECORD / IRS Letter 3219 / IRS Form 5564 – NOTICE OF DEFICIENCY-WAIVER / IRS Form 4549 – Income Tax Examination Changed / IRS Form 886-A – EXPLANATION OF ITEMS

**EXHIBIT B:** 26 U.S.C. 601.106 Rule I. Exaction

**EXHIBIT C:** 26 U.S.C. 601.201 Rulings and Determinations Letter

**EXHIBIT D:** IRS Mission Statement Publication 1 and Publication 556

**EXHIBIT E:** IRM 5.1.11.9 IRC 6020(b) Authority

**EXHIBIT F:** 26 CFR § 1.83-1- Property Transferred in Connection with the Performance of Services & Applicable Regulations, 26 USC § 1.212-1(a)(1) and (2), 26 USC § 1.1001-1

**EXHIBIT "D"**

Notice and Demand for Abatement of Alleged Federal Income Tax Liability with
Form 843 -- Claim for Abatement and Form 12261 -- Disputed Issue Verification
(5 pages)

Return to:
Harry Pollinger .
c/o PO Box 6577
Destin, Florida [PZ 32550]
_____ (Space above the line for recording data)_____

## NOTICE AND DEMAND FOR ABATEMENT OF
## ALLEGED FEDERAL INCOME TAX LIABILITY

### Affidavit of Fact – Notice and Demand Service Employee(s) Respond to Correspondence – Regarding Claim for Refund and Request for Abatement of IRS Notice CP-504

State of Florida _____)
_____) ss:
County of Walton _____)

**NOTICE IS HEREBY GIVEN:** Harry Pollinger, on this 21 day of Oct. 2005, officially records this Affidavit of Fact – Notice and Demand Service Employee(s) Respond to Correspondence – Claim for Refund and Request for Abatement extinguishing your claim of an alleged federal income tax liability stated on your Notice CP 504, "We Intend to Levy on certain assets. Please Respond NOW" dated 10/10/2005. The issuance of your administrative Notice CP 504 is the precursor to the taking of personal property in violation of the due process clause and is a "Bill of Attainder" in violation of the Constitution for the United States of America at Article I, § 9 Clause 3, and Article I, § 10, Clause 1, stating in part: "No Bill of Attainder . . . shall ever pass." "*A bill of attainder is a legislative act which applies to named individuals or to easily ascertained members of a group in such a way as to inflict punishment on them without judicial trial*. *United States v. Brown*, 381 U.S. 437, 14 L. Ed. 2d 484, 85 S. Ct. 1707 (1965), In order to be termed a bill of attainder, a law must: (1) specify the affected persons; (2) impose punishment; and (3) lack a judicial trial. *Selective Serv. Sys. v. Minn. Pub. Interest Research Group*, 468 U.S. 841, 847 (1984).

This constructive notice and verified compliant is a conditional acceptance and specific negative averment under the protection of the Joint Committee on Taxation - 109th Congress, Equal Access to Justice Act, IRS Restructuring and Reform Act of 1998 § 1203 – Treasury Directive 8980 effective January 18, 2002 and the Administrative Procedures Act at 5 U.S.C. § 552 et. seq., regarding Department of the Treasury Internal Revenue Service Notice CP 504. Affiant states under penalty of perjury under the laws of the State of Florida and upon oath and affirmation the following statements herein are true and correct.

demanding that you review your records to correctly reflect Affiant's status as required by 5 U.S.C. § 552a(d)(2)(B)(i). Further Affiant requests acknowledgment with IRS Letter 3000(C), or any letter and/or notice that supercedes IRS Letter 3000(C) for purposes of acknowledging the receipt of Affiant's correspondence and/or Letter 2358C notifying Affiant that this account is resolved.

I, Harry Pollinger, declare under penalty of perjury pursuant to 28 U.S.C. § 1746(1), that this document was prepared by me and I believe the above to be true and correct to the best of my knowledge, understanding.

Signature: ______

Harry Pollinger, Affiant

State of Florida               )
                               ) ss:
County of Welton               )

I certify on this 21 day of Oct., 2005 that I know or have satisfactory evidence that Harry Pollinger is the person who appeared before me and said person acknowledged that he signed this instrument and acknowledged it to be his free and voluntary act for the uses and purposes mentioned in the instrument.

Witness my hand and official seal: _____

Signature of Notary

My Commission Expires: Feb 22, 2009

STEPHANIE C GONZALES
Notary Public · State of Florida
My Commission Expires Feb 22, 2009
Commission # DD 398961
Bonded By National Notary Assn.

**INCLUSIONS:**

IRS Form 12661 – **Disputed Issue Verification**
IRS Form 843 – **Claim for Refund and Request for Abatement**

**ATTACHMENTS:**

**EXHIBIT A:** IRS Notice CP504
**EXHIBIT B:** "Results Page" -- referencing Walton County's public records.

Mail to:

**Department of the Treasury**
Internal Revenue Service
Area Director, Chief Special Procedures
PO Box 17167, M/S 5700
FT. Lauderdale, FL 33324
Certified Mail #. 7004 1350 0003 5907 9010

**Department of the Treasury**
Internal Revenue Service
Technical Service Group Manager
PO Box 17167, M/S 5700
FT. Lauderdale, FL 33324
Certified Mail #. 7004 1350 0003 5907 9003

**Department of the Treasury**
Internal Revenue Service
District Director
Attn: Chief, Special Procedures
PO Box 17167, M/S 5700
FT. Lauderdale, FL 33324
Certified Mail #. 7004 1350 0003 5907 8990

**Department of the Treasury**
Internal Revenue Service
Memphis, TN 39101-0249
Certified Mail #. 7004 1350 0003 5907 89836009 1315

Form **843**
(Rev. November 2002)
Department of the Treasury
Internal Revenue Service

## Claim for Refund and Request for Abatement

▶ **See separate instructions.**

OMB No. 1545-0024

Use Form 843 only if your claim involves **(a)** one of the taxes shown on line 3a or **(b)** a refund or abatement of interest, penalties, or additions to tax on line 4a.

Do not use Form 843 if your claim is for—
- An overpayment of income taxes;
- A refund for nontaxable use (or sales) of fuel; or
- An overpayment of excise taxes reported on Form(s) 11-C, 720, 730, or 2290.

| Name of claimant **Harry Pollinger** | Your SSN or ITIN **EXEMPT (b)(6)** |
|---|---|
| Address (number, street, and room or suite no.) **c/o PO box 6577** | Spouse's SSN or ITIN **: N/A :** |
| City or town, state, and ZIP code **Destin, Florida 32550** | Employer identification number (EIN) **: N/A** |
| Name and address shown on return if different from above **N/A** | Daytime telephone number **(    ) N/A** |

**1** Period. Prepare a separate Form 843 for each tax period
From **12 / 31 / 2001** to **12 / 31 / 2002**

**2** Amount to be refunded or abated
$ **34,905.42 (Abatement)**

**3a** Type of tax, penalty, or addition to tax:
☐ Employment  ☐ Estate  ☐ Gift  ☑ Excise (see instructions)
☑ Penalty—IRC section ▶ **6651 & 6601**

**b** Type of return filed (see instructions):
☐ 706  ☐ 709  ☐ 940  ☐ 941  ☐ 943  ☐ 945  ☐ 990-PF  ☐ 4720  ☑ Other (specify) **SFR**

**4a** Request for abatement or refund of:
☑ Interest as a result of IRS errors or delays.
☑ A penalty or addition to tax as a result of erroneous advice from the IRS.

**b** Dates of payment ▶ **N/A**

**5** Explanation and additional claims. Explain why you believe this claim should be allowed, and show computation of tax refund or abatement of interest, penalty, or addition to tax. If you need more space, attach additional sheets.

**(See Attached Recorded Notice and Demand... referencing Public Record)**

1.) Failed to properly compute and/or calculate IRC Sec. 83 – Property Transferred in Connection with Performance of Service.

2.) Failed to establish the liability and implementing regulations.

3.) Assessment Erroneous Including Interest and Penalties.

4.) Failed and Refused to Identify the "Occurrence of the Event" that Created the Alleged Liability.

5.) Misapplication of IRC 6651 penalty assessment.

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

Signature (Title, if applicable. Claims by corporations must be signed by an officer.)    Date **10-21-05**

Signature    Date

For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.    Cat. No. 10180R    Form **843** (Rev. 11-2002)

| Form **12661**<br>(September 2000) | Department of the Treasury - Internal Revenue Service<br><br>## Disputed Issue Verification |
|---|---|

Taxpayer name

## Harry Pollinger

| Tax period<br><br>**12/31/2002** | Social Security Number<br><br>EXEMPT (b)(6) |
|---|---|

**Instructions for completing disputed issues**

Please complete a separate block for each issue or adjustment with which you disagree.

Attach photocopies of supporting information for each issue or adjustment marked. Number the supporting information with the same number as its disputed issue. If you need additional blocks, photocopy additional sheets and number accordingly.

1. Disputed issue or adjustment

## Mathematical & Accounting Errors Regarding Liability

Reason why you disagree with the audit results

## See:  Notice and Demand... referencing Public Record

| Amount claimed on original return<br><br>**SFR filed by IRS** | Amounts allowed on Audit report<br><br>**?** |
|---|---|

2. Disputed issue or adjustment

Reason why you disagree with the audit results

| Amount claimed on original return | Amounts allowed on Audit report |
|---|---|

3. Disputed issue or adjustment

Reason why you disagree with the audit results

| Amount claimed on original return | Amounts allowed on Audit report |
|---|---|

### Do not send original documents — Send photocopies only

*Harry Pollinger*     10-21-05

**Privacy Act Notice**

The Privacy Act of 1974 says that when we ask you for information, we must first tell you our legal right to ask for the information, why we are asking for it, and how it will be used. We must also tell you what could happen if you do not provide it and whether or not you must respond under the law. This notice applies to tax returns and any papers filed with them. It also applies to any questions we need to ask you so we can complete, correct, or process your return; figure your tax; and collect tax, interest, and penalties.

Our legal right to ask for information is Internal Revenue Code sections 6001, 6011, and 6012(a) and their regulations. They say that you must file a return or statement with us for any tax you are liable for. Your response is mandatory under these sections. Code section 6109 and its regulations say that you must show your social security number or individual taxpayer identification number on what you file.

**EXHIBIT "E"**

Response letters from Senators Bill Nelson and Mel Mart
(2 pages)

MEL MARTINEZ
FLORIDA
(202) 224-3041

COMMITTEES:
AGING
BANKING
ENERGY AND NATURAL RESOURCES
FOREIGN RELATIONS

# United States Senate

**WASHINGTON, DC 20510-0906**

October 18, 2005

Mr. Harry Pollinger
PO Box 6577
Destin, Florida 32550

Dear Mr. Pollinger:

Thank you for contacting my office for assistance regarding the Internal Revenue Service. Your concerns are very important to me. Therefore, I have forwarded your letter to the appropriate staff member so that this matter may be thoroughly reviewed and the best course of action determined. Once your case has been evaluated, you will be contacted regarding any assistance my office can provide.

Sincerely,

Mel Martinez
United States Senator

MM/mbh



## United States Senate
### WASHINGTON, DC 20510–0905

**BILL NELSON**
**FLORIDA**

November 10, 2005

Mr. Harry Pollinger
Post Office Box 6577
Destin, Florida 32550

Dear Mr. Pollinger:

Thank you for contacting my office regarding the Federal Tax Lien against you. I appreciate being made aware of your concerns and will be pleased to look into this matter.

Currently, I am in touch with the Taxpayer Advocate Service on your behalf. As soon as I have a response, I will share the results with you.

Again, thank you for contacting my office. I want you to know that as your U.S. Senator from Florida, I welcome the opportunity to serve you. If I can assist you with any other matter, please do not hesitate to let me know.

Sincerely,

Bill Nelson

BN/dk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Harry Pollinger, | ) | Case No. 06-cv-01885-CKK |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, a Federal | ) | |
| Corporation, GREGORY COLLIER, C. | ) | |
| SHERWOOD, R. A. and MITCHELL, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Having considered the plaintiff's response in opposition to defendants' motion to dismiss, together with a memorandum in support thereof, and any opposition thereto, the Court concludes that the defendants' motion to dismiss should be denied.  Accordingly, it is this _____ day of _____, 2007

**ORDERED** that defendants' motion to dismiss be and is **DENIED**; and it is further

**ORDERED** that the Clerk shall distribute conformed copies of this order to the representative of the parties listed below.

_____
UNITED STATES DISTRICT JUDGE

1

COPIES TO:

Beatriz T. Saiz, Trial Attorney
U.S. DEPARTMENT OF JUSTICE
Ben Franklin Station
P.O. Box 227
Washington, DC 20044

Harry Pollinger
c/o  PO Box 6577
Destin, Florida [32550]