UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HARRY POLLINGER,

    Plaintiff,

     v.

UNITED STATES OF AMERICA, *et al.*,

    Defendants.

Civil Action No. 06-1885 (CKK)

**MEMORANDUM OPINION**
(March 25, 2008)

*Pro Se* Plaintiff Harry Pollinger brings this action against the United States, as well as

Internal Revenue Service ("IRS") employees Gregory Collier, C. Sherwood, and R.A. Mitchell

regarding alleged misconduct by the IRS in the collection of taxes.[1]  Plaintiff also seeks orders

commanding Defendants "to cease and desist in their illegal actions," and to release a Notice of

Federal Tax Lien issued on Plaintiff's property.  Compl. at 55.  Plaintiff primarily seeks relief

pursuant to the damages cause of action included in the Taxpayer Bill of Rights, 26 U.S.C. §

7433.  *See generally* Compl.  Plaintiff also invokes a variety of other statutory authorities in

support of his claims for relief, including the Administrative Procedure Act ("APA"), 5 U.S.C.

§§ 702; the All Writs Act, 28 U.S.C. § 1651; two criminal statutes–26 U.S.C. § 7214 and 18

U.S.C. § 2311; various provisions of the Internal Revenue Code ("Code"); and 28 U.S.C. § 2410.

---

[1] As discussed below, the Court concludes herein that the United States is the sole proper
Defendant to this action.  The Court nevertheless refers to the United States, Gregory Collier, C.
Sherwood, and R.A. Mitchell collectively as "Defendants" in this opinion, so as to be consistent
with the parties' filings.

*Id.* at 2-3; ¶¶ 149-54.[2]  Finally, Plaintiff purports to bring claims pursuant to the First, Fourth,

Fifth, Sixth, Fourteenth, and Sixteenth Amendments to the United States Constitution.  *Id.* at 1;

¶¶ 136-48; 180-204.

Currently pending before the Court is Defendants' [7] Motion to Dismiss, which seeks to

substitute the United States as the sole Defendant in this action, and argues that this case should

be dismissed for a variety of reasons, pursuant to Federal Rules of Civil Procedure 12(b)(1) and

12(b)(6).  Upon a searching examination of the filings submitted by each party, the attached

exhibits, the relevant case law, and the entire record herein, the Court shall grant-in-part and

deny-in-part Defendants' Motion to Dismiss.  Specifically, the Court agrees that the United

States is the sole proper Defendant to this action and shall dismiss Gregory Collier, C. Sherwood

and R.A. Mitchell as defendants.  Further, the Court agrees that it lacks jurisdiction over the

following Counts of Plaintiff's Complaint, which shall be dismissed pursuant to Rule 12(b)(1):

Counts X, XVIII, XIX, XX, and XXI.  The Court concludes that the following Counts of

Plaintiff's Complaint fail to state claims, and shall be dismissed pursuant to Rule 12(b)(6):

Counts I, IV, V, VI VII, IX, XI, XII, XIII, XIV, XV, XVI, and XVII.  As to the remaining Counts

of Plaintiff's Complaint–Counts II, III, and XVIII–the Court cannot conclude that Plaintiff has

failed to exhaust his administrative remedies based on the record before it.  The Court shall

therefore deny without prejudice Defendants' motion to dismiss only as to Counts II, III, and

XVIII of Plaintiff's Complaint, and shall order the United States, on or before April 25, 2008, to

either move to dismiss those claims for failure to exhaust administrative remedies or, in the

---

[2] As the first five and last three pages of Plaintiff's Complaint do not include numbered
paragraphs, the Court cites to those pages by page number.  Otherwise, the Court refers to the
paragraph numbers included in Plaintiff's Complaint.

alternative, to notify the Court that no such argument shall be raised, so that this action may proceed.

## I. BACKGROUND

Plaintiff filed his Complaint on November 2, 2006. Plaintiff's Complaint represents one of dozens of lawsuits brought in this jurisdiction by tax protestors–allegedly proceeding *pro se*–asserting a variety of forms of misconduct by the IRS.[3] Unlike the majority of the complaints in those other actions, however, Plaintiff's Complaint includes at least some particularized facts specifically pertaining to Plaintiff Harry Pollinger. *See generally* Compl.

According to Plaintiff, he is domiciled in Destin, Florida, *id.* at 4, and "is the fee simple owner of real property located at 276 Baywinds Drive, Destin, Florida," *id.* ¶ 152. The factual allegations in Plaintiff's Complaint involve a series of events relating to tax liens and levies issued by the IRS. The allegations are somewhat opaque, largely because the Complaint describes the various liens, levies, and related correspondence in chronological order and uses inconsistent terms to refer to various documents. Based on the Court's review of the Complaint, however, it appears that the IRS issued the following liens and levies:

---

[3]  *See, e.g., Koerner v. United States*, Civ. A. No. 05-1600 (ESH); *Brandt v. United States*, Civ. A. No. 05-1613 (ESH); *Radcliffe v. United States*, Civ. A. No. 05-1624 (EGS); *Schafrath v. United States*, Civ. A. No. 05-1656 (GK); *Erwin v. United States*, Civ. A. No. 05-1698 (CKK); *Turner v. United States*, Civ. A. No. 05-1716 (JDB); *Shoemaker v. United States*, Civ. A. No. 05-1736 (RWR); *Lindsey v. United States*, Civ. A. No. 05-1761 (RBW); *Garvin v. United States*, Civ. A. No. 05-1775 (RBW); *Lohmann v. United States*, Civ. A. No. 05-1976 (HHK); *Masterson v. United States*, Civ. A. No. 05-1807 (JDB); *Gross v. United States*, Civ. A. No. 05-1818 (JR); *Holyoak v. United States*, Civ. A. No. 05-1829 (HHK); *Travis v. United States*, Civ. A. No. 05-1867 (RCL); *Scott v. United States*, Civ. A. No. 05-2043 (ESH); *Bean v. United States*, Civ. A. No. 05-2145 (CKK); *Romashko v. United States*, Civ. A. No. 05-2209 (CKK); *Anderton v. United States*, Civ. A. No. 06-129 (RBW); *Buaiz v. United States*, Civ. A. No. 06-1312 (RMC); *Bryant v. United States*, Civ. A. No. 07-648 (JDB); *Jaeger v. United States*, Civ. A. No. 07-1409 (JDB).

3

- On February 28, 2005, Gregory Collier and C. Sherwood issued a Notice of Federal Tax Lien on Plaintiff's property in Destin, Florida, in the amount of $14,125.65 for tax years 2000 and 2001. *Id.* ¶¶ 12; 150-53.

- On May 11, 2005, Gregory Collier served Fairfield Resorts, Inc. (presumably Plaintiff's employer) with a Notice of Levy on Wages, Salary, and other Income in the amount of $15,787. *Id.* ¶ 14.

- Both the Notice of Federal Tax Lien and Notice of Levy listed "1040" as the "Kind of Tax" at issue. *Id.* ¶ 15.

- On April 26, 2006, Plaintiff received three Notices of Levy issued to Georgia Commercial Investors Inc., Destin Bank (now known as Whitney National Bank), and the Cendant payroll department (the parent company of Plaintiff's employer), as well as one Notice of Levy on Wages, Salary and Other Income issued to Plaintiff's employer in the amount of $15,084.67. *Id.* ¶ 27.

- On May 1, 2006, Plaintiff received a letter from Whitney National Bank stating that $6,614.40 had been seized from his bank account. *Id.* ¶ 28.

- On June 2, 2006, Plaintiff received a letter from the Cendant payroll department stating that $5,578.69 had been seized from his wages. *Id.* ¶ 30. According to Plaintiff, the "year-to-date amount seized [presumably as of Plaintiff's November 2, 2006 Complaint] is $9,528.06 since 6/2/06 from the IRS Levy and for Federal Income Tax is $2,359.09 totaling $11,887.78." *Id.*

- On August 15, 2006, Plaintiff received a letter from Gregory Collier and R.A. Mitchell that included an August 3, 2006 Notice of Federal Tax Lien in the amount of $35,857.07 for tax years 2000, 2001, and 2002. *Id.* ¶ 24.

Plaintiff's Complaint alleges that he reacted to these various liens and levies by sending a variety of documents to various IRS offices and employees, including: (1) a September 28, 2005 "Notice and Demand to Issue Certificate of Release for Notice of Federal Tax Lien," along with an affidavit and a variety of exhibits, directed to Gregory Collier, C. Sherwood, and various departments of the IRS, *id.* ¶¶ 16;[4] (2) an October 3, 2005, "Notice and Affidavit of Facts and

---

[4] Plaintiff also alleges that he sent this Notice to Senators Bill Nelson and Mel Martinez of Florida. *Id.* ¶ 16. As Plaintiff's Senators are not employed by the IRS, these allegations have

4

Correspondence to Collection Due Process" directed to Appeals Settlement Officer Thomas M.

Owens, *id.* ¶ 17; (3) an October 21, 2005, "Notice and Demand for Abatement of Alleged

Federal Income Tax Liability" *id.* ¶ 18; (4) a November 7, 2005 "Notice of Protest and Demand

for Determination" directed at Appeals Team Manager Edd Esterlings, *id.* ¶ 19; (5) two

November 14, 2005 "Notice of Federal Tax Lien Dispute Letters," directed to Gregory Collier

and C. Sherwood, *id.* ¶ 21; (6) a March 18, 2006 "Verified Affidavit of Protest to Contest Notice

Disallowing Claim for Abatement and Request for Appeal of Decision," *id.* ¶ 26; (7) a May 31,

2006 "Constructive Notice and Demand to Cease and Desist Withholding of Federal Income Tax

– Evidence of No Liability," directed to R.A. Mitchell and "other pertinent departments of the

IRS," *id.* ¶ 29; (8) an August 10, 2006, "Notice and Demand for Abatement of Interest and

Penalties," *id.* ¶ 34; (9) a September 11, 2006 "Notice and Demand to Release or Withdraw

Notice of Federal Tax Lien, directed to Gregory Collier, *id.* ¶ 35; (10) a September 26, 2006

"Verified Notice of Harassment and Pending Litigation," directed to Gregory Collier, *id.* ¶ 37;

and (11) a September 29, 2006 "Verified Notice of Absolute Default and Notice to Contest and

Abate Frivolous Filing Penalty," *id.* ¶ 38.[5]

     Plaintiff's use of inconsistent terminology in describing correspondence makes it unclear

precisely what responses he alleges he received to the foregoing documents.  Generally, Plaintiff

alleges that he received the following documents from various IRS employees: (1) a December

---

no bearing on whether Plaintiff exhausted his administrative remedies.

    [5] Although Plaintiff refers to "attached exhibits" in his Complaint, he did not include any exhibits in the copy he filed with the Court and did not serve Defendants with any such exhibits. *See* Defs' Mem. at 4 n.3.  As discussed below, Plaintiff attached portions of what appear to be some of the documents described in his Complaint as exhibits to his Response to Defendants' Motion to Dismiss.

14, 2005 denial of his "Request for Withdrawal of Notice of Federal Tax Lien," *id.* ¶ 22; (2) a

December 19, 2005 letter from Mr. Parizek stating that the information Plaintiff sent in his Claim

for Refund and Abatement for the year 2002 was frivolous and giving Plaintiff 30 days to correct

his position, *id.*, to which Plaintiff responded with a January 10, 2006 "Verified Affidavit of

Intent – Demand for Proof of Claim and Notice of Disputed Claim of Frivolous Filing," *id.* ¶ 24;[6]

(3) a February 16, 2006, denial of Plaintiff's Claim for Abatement of Penalties for tax years 2000

and 2001, *id.* ¶ 25; (4) a second response from Mr. Parizek on June 6, 2006, again indicating that

Plaintiff's filing was frivolous, *id.* ¶ 31; and (5) a September 21, 2006 letter from Appeals

Officer Betty Landau denying Plaintiff's Request for Abatement of Interest and Penalties for

2000 and 2001, *id.* ¶ 36.

Based on these allegations, Plaintiff enumerates 21 "Counts." *See id.* ¶¶ 42-204. Each

count begins with the boilerplate assertions that: (1) Gregory Collier and C. Sherwood

"conspired with intent to deprive Plaintiff of his Constitutionally-protected Rights, did in bad

faith and under color of law intentionally and recklessly cause a procedurally invalid 'Notice of

Federal Tax Lien' to issue against Plaintiff in the amount $14,125.65 for tax years 2000, and

2000 [sic];" *see, e.g., id.* ¶ 43; (2) Gregory Collier and R.A. Mitchell engaged in the same

conduct by causing "a procedurally invalid 'Notice of Federal Tax Lien' to issue against Plaintiff

in the amount of $35,857.07 for 2000, 2001 and 2002," *see, e.g., id.*; and (3) Gregory Collier

engaged in the same conduct by causing "a procedurally deficient 'Notice of Levy' to issue

against Plaintiff in the amount of $15,084.67 for tax years 2000 and 2001 ($6,614.40 by

---

[6] Plaintiff alleges that he sent this Verified Affidavit to, among others, President Bush and the Attorney General of the United States. *Id.* ¶ 24. Again, these allegations are irrelevant to whether Plaintiff exhausted his administrative remedies with the IRS.

WHITNEY NATIONAL BANK and $9,528.06 to be seized by [CENDANT] PAYROLL

DEPARTMENT) causing an amount of [] $16,142.46 to be seized," *see, e.g., id.* ¶ 44.  Each

count then continues by stating that "with willful disregard for the internal revenue laws,"

Defendants engaged in a variety of actions.  *See, e.g., id.*  These include:

- Failing to notify Plaintiff of an obligation to file tax returns, in violation of 26 U.S.C. § 6001, 26 C.F.R. § 1-6001-1, and 301.6001-1  (Count I);

- Failing to issue a statutory notice and demand prior to issuing the various notices of levies and liens, in violation of 26 U.S.C. §§ 6303 and 6331(a) (Count II);

- Failing to verify, establish or identify the statutory tax liability imposed against Plaintiff's property rights, in violation of 26 U.S.C. § 6331(j)(2)(A) (Count III);

- Failing to suspend or abate interest and penalties where the basis of Plaintiff's tax liability was not established, in violation of 26 U.S.C. § 6404(a) (Count IV);

- Failing to make a tax assessment prior to issuing the various notices of liens and levies, in violation of 26 U.S.C. §§ 6201(a) and 6202 (Count V);

- Failing to establish and record Plaintiff's alleged tax liability prior to issuing the various Notices, in violation of 26 U.S.C. § 6203 (Count VI);

- Failing to issue a notice of deficiency (90-day letter), in violation of 26 U.S.C. § 6212(a) (Count VII);

- Failing to release the Notice of Lien against Plaintiff's real property, in violation of 26 U.S.C. § 7432 (Count VIII);

- Illegally simulating judicial process by issuing and recording a fraudulent Notice of Federal Tax Lien, in violation of 18 U.S.C. § 2311 (Count IX);

- Causing a Bill of Attainder to issue labeling Plaintiff an "Illegal Tax Protestor" and punishing Plaintiff by taking his property without a judicial trial (Count X);

- Causing penalties to be assessed without a supervisor's written approval of the underlying tax assessment, in violation of 26 U.S.C. § 6751(b) (Count XI);

- Issuing the various notices of levies and liens without prior written approval from the Chief Counsel of the IRS and failing to follow the notices of liens and levies

with a written statement to Plaintiff within 5 days, in violation of 26 U.S.C. § 7429 (Counts XII-XIII);

• Failing to obtain approval for creating a Substitute for Returns, in violation of 26 U.S.C. § 6020(b) (Count XIV);

• Knowingly demanding greater sums than authorized at law and failing to comply with statutory regulations, in violation of 26 U.S.C. § 7214 (Counts XV-XVI);

• Publicly disclosing Plaintiff's return information, including his "Identifying Number," in violation of 26 U.S.C. §§ 6103 and 7431 (Count XVII);

• Taking Plaintiff's alleged property interest in his labor without just compensation, in violation of the Fifth and Fourteenth Amendments (Count XVIII);

• Committing various procedural violations in connection with the notices of liens and levies, such that Plaintiff is entitled to an action to quiet title under 28 U.S.C. § 2410 (Count XIX);

• Attempting "to Convert the Plaintiff's Rights of Labor Property into a Privileged and Forced Participation in a Government Kickback Scheme" (Count XX); and

• Habitually offending the Constitution and Supreme Court Precedent (Count XXI).

As relief for the foregoing, Plaintiff seeks (1) "An Order commanding the Defendants to cease and desist in their illegal actions as stated [in the Complaint;]" (2) "An Order commanding the Defendants [to] release the procedurally invalid Notice of Federal Tax Lien and cause a Certificate of Release of Federal Tax Lien to issue on all real property belonging to Plaintiff;" (3) damages in the amount of one million dollars ($1,000,000) for each count asserted in the Complaint, totaling twenty-one million dollars ($21,000,000); (4) costs of this action; and (5) "Any other remedy at law and in equity this Court deems just and proper." Compl. at 54. In addition to the various statutory grounds cited in the individual counts of Plaintiff's Complaint, Plaintiff asserts that this Court has jurisdiction to award the relief he seeks pursuant to various provisions of the Internal Revenue Code; 28 U.S.C. § 2410, which creates an action to quiet title;

the APA, 5 U.S.C. §§ 702; and the All Writs Act, 28 U.S.C. § 1651.  *Id.* at 2.

Defendants filed their Motion to Dismiss Plaintiff's Complaint on March 2, 2007.  On April 19, 2007, Plaintiff filed a Response to Defendants' Motion to Dismiss.  Defendants have not filed a Reply in support of their Motion to Dismiss; however, as Defendants' time for doing so expired on May 1, 2007, the Court considers the merits of Defendants' Motion to Dismiss without the benefit of a Reply brief.

## II.  LEGAL STANDARD

### A.    Federal Rule of Civil Procedure 12(b)(1)

A court must dismiss a case when it lacks subject matter jurisdiction pursuant to Rule 12(b)(1).  In so doing, the Court may "consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  *Coalition for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (citations omitted).  *See also Jerome Stevens Pharm., Inc. v. Food & Drug Admin.*, 402 F.3d 1249, 1253 (D.C. Cir. 2005) ("[T]he district court may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction."); *Vanover v. Hantman*, 77 F. Supp. 2d 91, 98 (D.D.C. 1999), *aff'd*, 38 F. App'x 4 (D.C. Cir. 2002) ("[W]here a document is referred to in the complaint and is central to plaintiff's claim, such a document attached to the motion papers may be considered without converting the motion to one for summary judgment.") (citing *Greenberg v. The Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999)).  "At the motion to dismiss stage, counseled complaints, as well as *pro se* complaints, are to be construed with sufficient liberality to afford all possible inferences favorable to the pleader on allegations of fact."  *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir.

9

2005).  In spite of the favorable inferences that a plaintiff receives on a motion to dismiss, it

remains the plaintiff's burden to prove subject matter jurisdiction by a preponderance of the

evidence.  *Am. Farm Bureau v. Environmental Prot. Agency*, 121 F. Supp. 2d 84, 90 (D.D.C.

2000).

B.      *Federal Rule of Civil Procedure 12(b)(6)*

The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain

statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. ___, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355

U.S. 41, 47 (1957)); *accord Erickson v. Pardus*, 551 U.S. ___, 127 S. Ct. 2197, 2200 (2007) (per

curiam).  Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6)

motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish

"more than labels and conclusions" or "a formulaic recitation of the elements of a cause of

action."  *Id.* at 1964-65; *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986).  Instead, the

complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative

level, on the assumption that all the allegations in the complaint are true (even if doubtful in

fact)."  *Bell Atl. Corp.*, 127 S. Ct. at 1965 (citations omitted).

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must

construe the complaint in a light most favorable to the plaintiff and must accept as true all

reasonable factual inferences drawn from well-pleaded factual allegations.  *In re United Mine*

*Workers of Am. Employee Benefit Plans Litig.*, 854 F. Supp. 914, 915 (D.D.C. 1994); *see also*

*Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) ("The complaint must be 'liberally

construed in favor of the plaintiff,' who must be granted the benefit of all inferences that can be derived from the facts alleged."). In addition where, as here, an action is brought by a *pro se* plaintiff, the Court must take particular care to construe the plaintiff's filings liberally for such complaints are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999). When considering *pro se* complaints, courts may "consider supplemental material filed by a pro se litigant in order to clarify the precise claims being urged." *Greenhill v. Spellings*, 482 F.3d 569, 572 (D.C. Cir. 2007) (citing *Anyanwutaku v. Moore*, 151 F.3d 1053, 1054 (D.C. Cir. 1998)). "Nonetheless, a *pro se* complaint, like any other, must present a claim upon which relief can be granted by the court." *Henthorn v. Dep't of Navy*, 29 F.3d 682, 684 (D.C. Cir. 1994) (quoting *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981)).

## III.  DISCUSSION

Defendants' Motion to Dismiss contains a number of different arguments. At the outset, the Court addresses Defendants' argument that the United States should be substituted as the sole party defendant to this action. While Plaintiff asserts that he included Gregory Collier, C. Sherwood, and R.A. Mitchell as defendants in this action because he believes that they "should be held liable for their actions and disciplined appropriately," he does not dispute that he has sued those individuals only in their official capacities. *See* Pl.'s Resp. at 5. When government officials are sued in their official capacities, they are not personally liable for damages. *Atchinson v. District of Columbia*, 73 F.3d 418, 424 (D.C. Cir. 1996). Rather, "a suit is against the sovereign if the judgment sought would expend itself on the public treasury or domain. . . or if the effect of the judgment would be 'to restrain the Government from acting, or compel it to

11

act.'" *Dugan v. Rank*, 372 U.S. 609, 620 (1963).  Moreover, the provisions of the Internal

Revenue Code on which Plaintiff primarily purports to ground this action, 26 U.S.C. §§ 7431,

7432, and 7433, permit a taxpayer to "bring a civil action for damages against the United States."

26 U.S.C. §§ 7431, 7432, 7433.  As such, the Court concludes that the United States is the sole

proper Defendant to this action, and shall dismiss Gregory Collier, C. Sherwood, and R.A.

Mitchell as defendants.  *See Holt v. Davidson*, 441 F. Supp. 2d 92, 97 (D.D.C. 2006) (dismissing

individual IRS employees as defendants to action under 26 U.S.C. § 7433) (citing *Hassell v.

United States*, 203 F.R.D. 241, 244 (N.D. Tex. 1999) (dismissing individual IRS employees as

defendants to action under 26 U.S.C. § 7431)).

Section 7433(a) of the Code authorizes taxpayers to bring actions for civil damages

against the United States based on the actions of any officer or employee of the IRS who

recklessly, intentionally, or negligently acts in disregard of the Code or its implementing

regulations "in connection with any collection of Federal tax."  26 U.S.C. § 7433(a) (emphasis

added).  Furthermore, Section 7432 of the Code authorizes taxpayers to bring actions for civil

damages based on the IRS' failure to properly release a lien on the taxpayer's property.  26

U.S.C. § 7432.  The Court first addresses Defendants' arguments regarding Plaintiff's grounds

and claims for relief other than his claims for damages pursuant to 26 U.S.C. §§ 7432 and 7433.

The Court then addresses Defendants' argument that Plaintiff has failed to exhaust his

administrative remedies as to those claims.

A.    *The Court Lacks Jurisdiction Over Counts X, XVIII, XIX, XX and XI of Plaitniff's Complaint*

1.    *This Court Lacks Jurisdiction Over Plaintiff's Quiet Title Action*

Count XIX of Plaintiff's Complaint purports to bring a Quiet Title Action pursuant to 28 U.S.C. § 2410, which provides that the "United States may be named a party in any civil action or suit in any district court . . . having jurisdiction of the subject matter . . . to quiet title to . . . real or personal property on which the United States has or claims a mortgage or other lien." 28 U.S.C. § 2410. Plaintiff seeks to quiet title to his real property in Destin, Florida, alleging that Defendants "have no valid Notice of Federal Tax Lien or Federal Tax Lien and no authority to lien, or otherwise encumber the title to [that property] by the creation and filing of the Notice of Federal Tax Lien," due to various procedural deficiencies, including a failure to assess taxes. Compl. ¶¶ 149-64. However, precisely because Plaintiff's quiet title claim rests upon a challenge to the tax assessment underlying the Notice of Federal Tax Lien, the Court lacks jurisdiction to entertain his claim.

"It is elementary that the United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain that suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted). Moreover, "a waiver of sovereign immunity 'cannot be implied but must be unequivocally expressed.'" *Id.* (citing *United States v. King*, 395 U.S. 1, 4 (1969)). Here, Plaintiff cites both 28 U.S.C. §§ 1340 and 2410 as jurisdictional grounds for his quiet title claim. *See* Compl. at 2.[7] Section 1340 grants the federal district courts "original jurisdiction of any civil

_____

[7] Plaintiff also refers to 28 U.S.C. § 2409, *see* Compl. at 2, however that provision is inapposite because it relates to civil actions for partition "by any tenant in common or joint

13

action arising under any Act of Congress providing for internal revenue," and a suit contesting the validity of a federal tax lien has been held to fall within its terms. *See Aqua Bar & Lounge v. U.S. Dep't of Treasury*, 539 F.2d 935, 936 (3d Cir. 1976) (citing *United States v. Coson*, 286 F.2d 453, 455-56 (9th Cir. 1961)). However, Section 1340's "general grant of jurisdiction does not . . . constitute a waiver of sovereign immunity by the United States." *Id.* Instead, Section 2410 "constitutes a waiver of sovereign immunity to a suit brought by a taxpayer against the United States which challenges the validity of a federal tax lien . . . [but only] *so long as the taxpayer refrains from contesting the merits of the underlying tax assessment itself*." *Id.* at 939-40 (emphasis added); *see also Falik v. United States*, 343 F.2d 38 (2d Cir. 1965). Indeed, "[t]he principle that a taxpayer cannot use section 2410(a) to challenge the extent of, or existence of, substantive tax liability is well-settled." *Robinson v. United States*, 920 F.2d 1157, 1161 (3d Cir. 1990). Because Plaintiff's quiet title action directly seeks to contest the merits and validity of the tax assessment underlying the Notice of Federal Tax Lien issued as to his property, the Court lacks jurisdiction over, and shall dismiss, Count XIX of his Complaint.[8]

2.      *This Court Lacks Jurisdiction Over Plaintiff's Constitutional Claims*

Counts X, XVIII, XX, and XXI of Plaintiff's Complaint purport to state claims arising

---

tenant owning an undivided interest in lands, where the United States is one of such tenants in common or joint tenants," 28 U.S.C. § 2409, and Plaintiff does not allege that the United States is either a tenant in common or joint tenant in his real property.

[8] Further, in *Aqua Bar*, the Third Circuit noted that a taxpayer who seeks to challenge a lien as invalid based on a wrongful assessment must either "contest the deficiency in the Tax Court or pay the assessment and thereafter bring suit in the district court for a refund." 539 F.2d at 939. Plaintiff does not allege that he has either paid the underlying assessment or contested it in Tax Court. *See Reading v. United States*, Civil A. No. 06-12873 (RMU), 2007 WL 1267283, at * 1 (D.D.C. Mar. 2, 2007) ("to maintain the suit, the plaintiffs must concede the lawfulness of the tax assessment and liabilities").

out of the Fifth, Thirteenth, Fourteenth, and Sixteenth Amendments to the United States

Constitution, as well as the Bill of Attainder Clause, U.S. Const. art. I, § 9, cl. 3.  Compl. ¶¶ 93-

98; 136-48; 165-204.  Defendants correctly argue that these claims are barred insofar as they seek

monetary damages, because Congress has not waived the United States' sovereign immunity for

claims arising under the Constitution.  *Clark v. Library of Congress*, 750 F.2d 89, 103, 104 n.31

(D.C. Cir. 1984).  Plaintiff responds to this argument by asserting that he does not seek damages

arising out of alleged constitutional violations.  *See* Pl.'s Resp. at 17.  As Counts XVIII, XX, and

XXI of Plaintiff's Complaint are clearly premised on alleged constitutional violations, the Court

understands his argument to be that his constitutional claims seek injunctive relief, rather than

monetary damages.  Such an argument, however, is unavailing because, as numerous courts in

this District have reiterated, the Anti-Injunction Act provides that "no suit for the purpose of

restraining the assessment or collection of any tax shall be maintained in any court by any

person," 26 U.S.C. § 7421(a), and thus "expressly bar[s] suits for injunctive relief against

allegedly unconstitutional tax collection efforts." *Falck v. IRS*, Civil A. No. 06-2269, 2007 WL

1723675, at *2 (D.D.C. Jun. 14, 2007) (citing cases); *see also Ross v. United States*, 460 F. Supp.

2d 139, 147-48 (D.D.C. 2006); *Goodwin v. United States*, Civil Action No. 06-1771 (RJL), 2007

WL 1601722, at *2-3 (D.D.C. Jun. 4, 2007); *Foodservice and Lodging Instit., Inc. v. Regan*, 809

F.2d 842, 844 (D.C. Cir. 1989).  The Court sees no need to revisit this conclusion.   Instead, it

shall dismiss Counts X, XVIII, XX, and XXI of Plaintiff's Complaint, which are premised upon

allegedly unconstitutional tax collection efforts, for lack of subject matter jurisdiction.

B.      Counts I, IV, V, VI, VII, IX, XI, XII, XIII, XIV, XV, XVI, and XVII of Plaintiff's
        Complaint Fail to State Claims

    1.      Plaintiff Does Not State a Wrongful Disclosure Claim

Count XVII of Plaintiff's Complaint purports to state a claim pursuant to 26 U.S.C. §
7431 for wrongful disclosure of Plaintiff's "Identifying Number" in connection with the
establishment of the various notices of liens and levies, as well as other, unspecified, disclosures
of "return information to persons and entities not authorized to have such information."  Compl.
¶¶ 131-35.  This Count is deficient for a number of reasons.  First, 26 U.S.C. § 7433 contains an
exclusivity provision, which states "[e]xcept as provided by section 7432, [a civil action under
section 7433] shall be the exclusive remedy for recovering damages."  26 U.S.C. § 7433.  At
least five judges in this District have determined that the exclusivity provision bars claims for
damages under other provisions of the IRC "in connection with any collection of Federal tax,"
and this Court has joined in that conclusion.  *See Ross*, 460 F. Supp. 2d at 148-49 (quoting
*Shwarz v. United States*, 234 F.3d 428, 432-33 (9th Cir. 2000)); *see also Miller v. United States*,
496 F. Supp. 2d 129, 132 (D.D.C. 2007) (Urbina, J.); *Glass v. United States*, 480 F. Supp. 2d.
162, 164-65 (D.D.C. 2007) (Huvelle, J.); *Powell v. United States*, 478 F. Supp. 2d 66, 67-68
(D.D.C. 2007) (Leon, J.); *Hallinan v. United States*, 498 F. Supp. 2d 315, 318 (D.D.C. 2007)
(Collyer, J.).  Because Plaintiff's wrongful disclosure claim arises out of the various notices of
liens and levies, i.e., out of tax collection action, he cannot pursue that claim under Section 7431.
*See Koerner v. United States*, 471 F. Supp. 2d 125, 127 (D.D.C. 2007) (Huvelle, J.) (concluding
that the exclusivity provision of § 7433 bars a § 7431 suit for unauthorized disclosure arising out
of tax collection activity); *Marsoun v. United States*, 525 F. Supp. 2d 206, 211-12 (D.D.C. 2007)

(Bates, J.) (same); *Glass*, 480 F. Supp. 2d at 165 ("The filing of a notice of lien is patently a tax collection activity.").

Alternatively, because Plaintiff is proceeding *pro se* in this action and the Court follows the "well-established practice of construing *pro se* pleadings liberally," *see United States v. Palmer*, 296 F.3d 1135, 1143 (D.C. Cir. 2002) (citing *Haines*, 404 U.S. at 520), the Court considers whether Plaintiff's Complaint states an unauthorized collection claim under 26 U.S.C. § 7433, and concludes that it does not. Plaintiff's Complaint alleges that Defendants knowingly and intentionally disclosed his Identifying Number in violation of 26 U.S.C. § 6103, which states the general rule that return information shall be kept confidential and, except as authorized, shall not be disclosed. 26 U.S.C. § 6103; *Church of Scientology of Calif. v. IRS*, 484 U.S. 9, 10-12 (1987). One of the exceptions to Section 6103, however, permits disclosure of return information "in connection with . . . collection activity . . . to the extent that such disclosure is necessary in obtaining information . . . with respect to the enforcement of any other provision of [the Code]." 26 U.S.C. § 6103(k)(6). The implementing regulations for Section 6103 further provide that disclosure may be made in order "to locate assets in which the taxpayer has an interest . . . or otherwise to apply the provisions of the Internal Revenue Code relating to establishment of liens against such assets, or levy, seizure, or sale on or of the assets to satisfy any such liability." 26 C.F.R. § 301.6103(k)(6)-1(vi). *See also Glass*, 480 F. Supp. 2d at 165-66.

Based on Section 6103(k)(6) and the related regulations, several courts in this District and others have concluded that a notice of lien does not give rise to an unauthorized disclosure action. *See id.* (citing *Mann v. United States*, 204 F.3d 1012, 1018 (10th Cir. 2000); *Opdahl v.*

*United States*, No. 98-0262, 2001 WL 1137296, at \*2 (D.D.C. Aug. 16, 2001); *William E.*

*Shcrambling Account. Corp. v. United States*, 937 F.2d 1485, 1489-90 (9th Cir. 1991)); *see also*

*Rhodes v. United States*, 518 F. Supp. 2d 285, 288 (D.D.C. 2007). The Court agrees with this

analysis, and concludes that Plaintiff cannot state an unauthorized disclosure claim based upon

the various notices of liens and levies. As to Plaintiff's more general allegation that Defendants

"disclosed return information to persons and entities not authorized to have such information,"

this allegation is devoid of any factual detail, and thus fails to meet Rule 8(a)'s notice pleading

standard. *See Bell Atlantic*, 127 S. Ct. at 1965 (the complaint's "[f]actual allegations must be

enough to raise a right to relief above the speculative level, on the assumption that all the

allegations in the complaint are true (even if doubtful in fact).") (citations omitted). The Court

shall therefore dismiss Count XVII of Plaintiff's Complaint for failure to state a claim.

2.    *Plaintiff Cannot Pursue Claims Based on Criminal Statutes*

Counts IX, XV, and XVI of Plaintiff's Complaint purport to state claims under 18 U.S.C.

§ 2311 and 26 U.S.C. § 7214(a). Compl. ¶¶ 88-92; 122-30. While Plaintiff cites 18 U.S.C. §

2311 in support of his claim that Defendants illegally simulated judicial process by issuing and

recording a fraudulent Notice of Federal Tax Lien, that statute is entirely inapposite as it sets

forth definitions relating to the Dyer Act, a criminal statute regarding the transportation of stolen

vehicles across state lines. Further, although 26 U.S.C. § 7214 is at least part of the Internal

Revenue Code, it "is a criminal statute that does not provide for a private right of action and thus

is 'not enforceable through a civil action.'" *See Bryant v. United States*, 527 F. Supp. 2d 137, 142

(D.D.C. 2007) and *Jaeger v. United States*, 524 F. Supp. 2d 60, 65 (D.D.C. 2007) (citations

omitted). Moreover, to the extent that Counts IX, XV, and XVI seek damages arising out of

Defendants' collection actions, "section 7433 provides the exclusive damages remedy for any alleged IRS conduct 'in connection with any collection of Federal tax with respect to a taxpayer.'" 527 F. Supp. 2d at 142; 524 F. Supp. 2d at 65 (citations omitted).  The Court shall therefore dismiss Counts IX, XV, and XVI of Plaintiff's Complaint.

      C.        *Plaintiff's Other Alleged Bases For Jurisdiction And Claims For Relief*

      The remainder of Plaintiff's Counts attempt to state claims for damages based on 26 U.S.C. §§ 7432 and 7433.  Before turning to Defendants' arguments as to those claims, however, the Court briefly addresses the bases for jurisdiction and claims for relief included in Plaintiff's Complaint but not already considered above.   Specifically, although Plaintiff cites Section 702 of the APA as a basis for jurisdiction, "the APA's waiver of sovereign immunity does not apply to suits for money damages."  *Ross*, 460 F. Supp. 2d at 149 (citing *Holt*, 441 F. Supp. 2d at 128 and *Larsen v. United States Navy*, 346 F. Supp. 2d 122, 128 (D.D.C. 2004) (explaining that 5 U.S.C. § 702 provides a waiver of sovereign immunity for an "action in a court of the United States seeking relief *other than monetary damages*.") (emphasis in original)).   Plaintiff likewise cannot pursue a claim for injunctive relief under the APA because "an action brought under the APA is barred if it concerns the assessment or collection of federal taxes."  *Ross*, 460 F. Supp. 2d at 149 (quoting *McGuirl v. United States*, 360 F. Supp. 2d 129, 132 (D.D.C. 2004), *aff'd*, 167 Fed. Appx. 808 (D.C. Cir. 2005)); *see also Murphy v. IRS*, 493 F.3d 170, 174 (D.C. Cir. 2007) ("Congress has preserved the immunity of the United States from declaratory and injunctive relief with respect to all tax controversies except those pertaining to the classification of organizations under § 501(c) of the [IRC].").

      Similarly, while Plaintiff cites to various statutes that grant this Court jurisdiction over

certain types of claims (including 28 U.S.C. §§ 1331 and 1346), those statutes do not themselves

waive sovereign immunity, and therefore do not provide jurisdiction over Plaintiff's claims for

damages. *See Swan v. Clinton*, 100 F.3d 973, 981 (D.C. Cir. 1996). Likewise, the All Writs Act

"itself is not a grant of jurisdiction." *Ross*, 460 F. Supp. 2d at 151 (quoting *In re Tennant*, 359

F.3d 523, 527 (D.C. Cir. 2004); *see also Buaiz v. United States*, 471 F. Supp. 2d 129, 138

(D.D.C. 2007) (same).

        Finally, Plaintiff's Complaint seeks a variety of injunctive relief, including an "Order

commanding the Defendants to cease and desist in their illegal actions," and an "Order

commanding the Defendants [to] release the procedurally invalid Notice of Federal Tax Lien and

cause a Certificate of Release of Federal Tax Lien to issue on all real property belonging to

Plaintiff." Compl. at 54. Defendants correctly argue that Plaintiff is precluded from obtaining

this injunctive relief because, as noted above, the Anti-Injunction Act provides that "no suit for

the purpose of restraining the assessment or collection of any tax shall be maintained in any court

by any person." 26 U.S.C. § 7421(a); *see Ross*, 460 F. Supp. 2d at 147-48; *Goodwin*, 2007 WL

1601722, at *2-3 (D.D.C. Jun. 4, 2007). Plaintiff responds by stating that an injunction over the

lawful assessment and collection of federal income taxes "is not the intent or subject matter of

this suit." Pl.'s Resp. at 6. Plaintiff continues to argue that his claims for injunctive relief are not

barred by the Anti-Injunction Act because that statute "implies that a procedurally valid, statutory

assessment had been made for the purpose of collection; and neither Counsel nor his United

States Defendants have produced any evidence that procedure was followed when the alleged

assessments were made in the instant case." *Id.* Plaintiff's argument is creative, but nevertheless

unavailing. Despite Plaintiff's semantics, the allegations of his Complaint make clear that his

20

claims of "illegal actions" and a "procedurally invalid Notice of Federal Tax Lien" are based upon the IRS' assessment and/or collection of taxes.  Thus, insofar as Plaintiff seeks an order commanding Defendants to "cease and desist" and "release" the Notice of Federal Tax Lien on his property, the relief he seeks is barred by the Anti-Injunction Act.

D.    *Plaintiff's Claims for Damages Pursuant to 26 U.S.C. §§ 7432 and 7433*

Defendants move to dismiss all of Plaintiff's claims for damages pursuant to 26 U.S.C. §§ 7432 and 7433 on the grounds that Plaintiff has failed to exhaust his administrative remedies as required by those statutes.  Defs' Mem. at 2-5.   Before turning to that argument, however, the Court addresses Defendants' argument that Counts I, IV, V, VI, VII, XI, XII, XIII and XIV of Plaintiff's Complaint fail to state claims for damages under Section 7433 because they "attempt[] to challenge the merits of [Plaintiff's] underlying tax liability under the guise of unauthorized collection claims."  Defs' Mem. at 12-13.[9]  As noted above, Section 7433(a) of the Code authorizes taxpayers to bring actions for civil damages against the United States when any IRS officer or employee recklessly, intentionally, or negligently acts in disregard of the Code or its implementing regulations "in connection with any *collection* of Federal tax."  26 U.S.C. § 7433(a) (emphasis added).  The Court agrees with Defendants that Section 7433 is limited to alleged violations of law by the IRS in connection with tax *collection*, and further agrees that this conclusion warrants dismissal of a number of Plaintiff's claims.

As this Court recently explained in *Bean v. United States*, Civil Action No. 05-2145 2008

---

[9] As discussed below, the Court considers Defendants' failure to exhaust argument pursuant to Federal Rule of Civil Procedure 12(b)(6), rather than Rule 12(b)(1), and therefore need not address it before determining whether Plaintiff's Section 7433 claims would, in any event, state claims upon which relief may be granted.

WL 696613 (D.D.C. Mar. 16, 2008), Judge Rosemary M. Collyer conducted a thorough analysis

of this issue in *Buaiz*, 471 F. Supp. 2d 129, and came to the well-reasoned conclusion that

"§ 7433 does not provide a cause of action for wrongful tax assessment or other actions that are

not specifically related to the collection of income tax." *Buaiz*, 471 F. Supp. 2d. at 135-36.  As

Judge Collyer noted, all of the circuits that have addressed this issue (as well as a number of

district courts in other circuits) have reached the same conclusion, and the legislative history,

structure of the Code, and principles of statutory interpretation favor it as well.  *Id.* (citing, *inter*

*alia*, *Miller v. United States*, 66 F.3d 220, 22-223 (9th Cir. 1995); *Shaw v. United States*, 20 F.3d

182, 184 (5th Cir. 1994), and *Gonsalves v. IRS*, 975 F.2d 13, 16 (1st Cir. 1992)).  In *Bean*, this

Court noted that Judge Collyer's conclusion had also been accepted by Judge John D. Bates in

*Bryant*, 527 F. Supp. 2d at 140-40, and *Jaeger*, 524 F. Supp. 2d at 63-64, and by Judge Ellen S.

Huvelle in *Spahr v. United States*, 501 F. Supp. 2d 92, 95 (D.D.C. 2007), and "join[ed] the well-

supported holdings of other courts in this District that Section 7433 does not provide a cause of

action for actions not related to the collection of income tax."  *Bean*, 2008 WL 696613, at *3.

The Court's holding in *Bean* applies equally here, and requires the dismissal of many of

the Counts contained in Plaintiff's Complaint: Count I relates to the IRS' alleged failure to notify

Plaintiff of his obligation to file tax returns; Counts IV and XI arise from the IRS' alleged failure

to comply with procedures governing the assessment of interest and penalties; Counts V and VI

relate to the IRS' alleged failure to make, establish, and record a tax assessment; Count VII

relates to the IRS' alleged failure to issue a notice of deficiency; Counts XI through XIII relate to

the IRS' alleged failure to comply with procedures in establishing a jeopardy assessment; and

Count XIV arises from the IRS' alleged failure to issue a valid Substitute for Return.  All of these

claims arise from the IRS' alleged failures in assessing taxes or issues regarding the proof of

Plaintiff's tax liability, rather than tax *collection* efforts.  The Court shall therefore dismiss these

Counts—I, IV, V, VI, VII, XI, XII, XIII, and XIV—for failure to state a claim under Section 7433.

*See Bryant*, 527 F. Supp. 2d at 141.

> E.      *The Court Cannot Determine Whether Plaintiff Has Exhausted His Administrative*
>         *Remedies*

Defendants do not challenge Plaintiff's ability to pursue Counts II and III of his

Complaint under 26 U.S.C. § 7433, and the Court agrees that those claims arguably relate to

collection activities.  Defendants likewise do not challenge Plaintiff's ability to pursue Count

XIII of his Complaint under 26 U.S.C. § 7432.  Instead, Defendants argue that Counts II, III, and

XIII (along with the rest of Plaintiff's purported Section 7433 claims already dismissed above)

should be dismissed because Plaintiff failed to exhaust his administrative remedies before

bringing this suit.  Both Sections 7432 and 7433 provide that "[a] judgment for damages shall not

be awarded . . . unless the court determines that the plaintiff exhausted the administrative

remedies available to such plaintiff within the Internal Revenue Service."  26 U.S.C. §§

7432(d)(1); 7433(d)(1).

Consistent with Sections 7432(d)(1) and 7433(d)(1), the IRS has promulgated regulations

that establish procedures to be followed by a taxpayer who believes that IRS officials have

disregarded provisions of the tax code in their collection activities or improperly failed to release

a lien.  *See* 26 C.F.R. §§ 301.7432-1; 301.7433-1.  The regulations relating to Section 7432(d)

require that the aggrieved taxpayer first submit his or her claim in writing to the district director

in the district in which the taxpayer resides or the notice of lien was filed, and further require that

the claim include: (1) the taxpayer's contact information and taxpayer identification number; (2) a copy of the federal tax lien, if available; (3) a copy of the taxpayer's request for release of lien; (4) the grounds for the claim (including copies of any available substantiating documentation or evidence); (5) a description of the injuries incurred by the taxpayer; (6) the dollar amount of the claim; and (7) the signature of the taxpayer or authorized representative. 26 C.F.R. § 301.7432-1. Similarly, the regulations relating to Section 7433(d) require the taxpayer to submit his or her claim in writing to the district director in the district where the taxpayer resides, and include: (1) the taxpayer's contact information and taxpayer identification number; (2) the grounds for the claim; (3) a description of the injuries incurred; (4) the dollar amount of the claim; and (5) the signature of the taxpayer or authorized representative. *Id.* § 301.7433-1. If such a claim is filed and the IRS has either issued a decision on the claim or has allowed six months to pass from the date of filing without acting on it, the taxpayer may proceed to file suit in federal district court. *See* 26 C.F.R. §§ 301.7432-1(e); 301.7433-1(d)(1). The regulations also provide for immediate filing of suit following the submission of the administrative claim if the claim is submitted during the last six months of the two-year statute-of-limitations period. *See id.* §§ 301.7433-1(f); 301.7433-1(d)(2).

While many courts have treated a failure to meet the exhaustion requirement of 26 U.S.C. § 7433(d)(1) as jurisdictional, and thereby covered by a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), *see Turner v. United States*, 429 F. Supp. 2d 149, 155 (D.D.C. 2006) (collecting examples), this Court has previously–based on the analysis set forth by Judge Bates in *Turner*, 429 F. Supp. 2d at 153-55, and Judge Reggie B. Walton in *Lindsey v. United States*, 448 F. Supp. 2d 37, 49-55 (D.D.C. 2006)–concluded that the D.C. Circuit's decision in

24

*Avocados Plus, Inc. v. Veneman*, 370 F.3d 1243, 1247-48 (D.C. Cir. 2005), and the United States

Supreme Court's ruling in *Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006), entail that the

requirements of 26 U.S.C. § 7433(d)(1) are non-jurisdictional in character.[10]  *See, e.g.*, *Romashko*

*v. United States*, Civil A. No. 05-2209, 2007 WL 2908754, at *6 (D.D.C. Sept. 30, 2007).  As

such, any motion seeking dismissal under Section 7433(d)(1) (and by the same token Section

7432(d)(1)) is better characterized as a motion to dismiss for failure to state a claim pursuant to

Federal Rule of Civil Procedure 12(b)(6).

      Furthermore, as the Supreme Court recently noted in *Jones v. Bock*, --- U.S. ---, 127 S.

Ct. 910 (2007), "the usual practice under the Federal Rules [of Civil Procedure] is to regard

exhaustion as an affirmative defense."  *Id.* at 919.  Nevertheless, "[a] complaint may be subject

to dismissal under Rule 12(b)(6) when an affirmative defense . . . appears on its face."  *Id.*

(quoting *Leveto v. Lapina*, 258 F.3d 156, 161 (3d Cir. 2001)).  Thus, "[e]ven when failure to

exhaust is treated as an affirmative defense, it may be invoked in a Rule 12(b)(6) motion if the

complaint somehow reveals the exhaustion defense on its face."  *Thompson v. Drug Enforcement*

*Admin.*, 492 F.3d 428, 438 (D.C. Cir. 2007) (citing *Jones*, 127 S. Ct. at 921).

      Here, Defendants' failure to exhaust argument focuses exclusively on Plaintiff's

allegation in his Complaint that he "filed numerous administrative claims (incorporated by

---

[10] Defendants' Motion to Dismiss specifically addresses *Turner* in arguing that the
exhaustion requirement contained in 26 U.S.C. §§ 7432 and 7433 is jurisdictional.  Defs' Mem.
at 4 n.2. Defendants argue that *Turner* failed to adequately consider the principle that the United
States, as sovereign, is immune from suit except as it consents to be sue, and that one of the
terms of its consent to suit under 26 U.S.C. § 7433 is exhaustion of administrative remedies.  *See*
*id.*(citing *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981)).  Nevertheless, for the reasons set forth
by Judge Bates in rejecting the same argument in *Ross*, the Court continues to consider the
exhaustion requirement of section 7433(d) non-jurisdictional in nature.  *See Ross*, 460 F. Supp.
2d at 145-46.

reference) by writing and serving notice on the Area Director and the Compliance Technical

Support Manager for the IRS district of Massachusetts . . . ."  Compl. ¶ 6.  Defendants correctly

note that, because Plaintiff alleges that he resides in Florida and that the property at issue is

located in Florida, Plaintiff would be required to exhaust his administrative remedies by filing his

claim with the district director in Florida, not Massachusetts.  *See* Defs' Mem. at 3 n.1, 4.

Furthermore, as Defendants point out, Plaintiff did not actually attach a copy of his

administrative claim to his Complaint, as he purported to do.  *Id.* at 4 n.3.  Defendants' Motion to

Dismiss is thus correct that Plaintiff's Complaint–with its allegation that Plaintiff mailed his

administrative claim to the district director in Massachusetts and its failure to attach the

documents comprising that claim–might have revealed an exhaustion defense on its face,

warranting dismissal under Rule 12(b)(6).

      However, in his Response to Defendants' Motion to Dismiss, Plaintiff explains that "the

term Massachusetts in the complaint . . . is a typographical error."  Pl.'s Resp. at 11.  According

to Plaintiff, he "never filed his written claims with the Area Director in Massachusetts, <u>he mailed</u>

<u>his written claims to the Area Director in Fort Lauderdale, Florida.</u>"  *Id.* (emphasis in original).

Plaintiff also attaches to his Response portions of some of the documents that he asserts satisfied

his duty to exhaust his administrative remedies (and which he apparently meant to attach to his

Complaint).  A review of those documents reveals that at least some of them appear to have been

mailed to the district director in Florida.  *See* Pl.'s Resp., Exs. A, D.  Plaintiff is proceeding *pro*

*se* in this action, and in light of the D.C. Circuit's conclusion that courts may, at times, "consider

supplemental material filed by a pro se litigant," *Greenhill*, 482 F.3d at 572 (citing *Anyanwutaku*,

151 F.3d at 1054), the Court considers Plaintiff's Response and the exhibits attached thereto in

considering the question of administrative exhaustion.

Defendants' failure to exhaust argument rests solely on Plaintiff's (apparently erroneous) allegation that he sent his administrative claim to Massachusetts rather than Florida. Plaintiff responded to that argument in his Response, and provided portions of documents that he claims demonstrate his exhaustion of his administrative remedies. The Court has reviewed these excerpts and cannot determine whether or not the documents Plaintiff sent to the district director in Florida, in fact, satisfy the various requirements of 26 C.F.R. §§ 301.7432-1 and 301.7433-1. The Court therefore requires a response from the United States, which has not been provided, as to whether Plaintiff properly exhausted his administrative remedies by sending sufficient written claims to the area director in Florida. The Court cannot answer that question based on the record currently before it, and notes that failure to exhaust administrative remedies is an affirmative defense, which the United States "bears the burden of pleading and proving." *Bowden v. United States*, 106 F. 3d 433, 435 (D.C. Cir. 1997). As such, the Court shall deny Defendants' Motion to Dismiss without prejudice insofar as it seeks dismissal of Counts II, III, and XIII for failure to exhaust administrative remedies. On or before April 25, 2008, the United States shall respond to Plaintiff's argument that he exhausted his administrative remedies prior to filing his Complaint in one of two ways. First, if the United States believes that the documents Plaintiff sent to the district director in Florida are sufficient to satisfy his administrative exhaustion requirement it shall file a notice with the Court stating that conclusion. Second, if the United States believes Plaintiff did not exhaust his administrative remedies, it shall file an appropriate motion to dismiss Counts II, III, and XVIII of Plaintiff's Complaint pursuant to Rule 12(b)(6), on or before April 25, 2008.

27

## IV.  CONCLUSION

For the foregoing reasons, the Court shall grant-in-part and deny-in-part Defendants'

Motion to Dismiss Plaintiff's Complaint.  The Court shall dismiss Gregory Collier, C. Sherwood,

and R.A. Mitchell as defendants to this action.  The Court shall dismiss the following Counts of

Plaintiff's Complaint for lack of jurisdiction, pursuant to Rule 12(b)(1): Counts X, XVIII, XIX,

XX, and XXI.  The Court shall dismiss the following Counts of Plaintiff's Complaint for failure

to state a claim, pursuant to Rule 12(b)(6): Counts I, IV, V, VI VII, IX, XI, XII, XIII, XIV, XV,

XVI, and XVII.  The Court shall deny without prejudice Defendants' motion to dismiss as to the

remaining Counts of Plaintiff's Complaint–Counts II, III, and XVIII–because the Court cannot

conclude that Plaintiff has failed to exhaust his administrative remedies.  On or before April 25,

2008, the United States shall either move to dismiss those claims for failure to exhaust

administrative remedies or, in the alternative, notify the Court that no such argument shall be

raised, so that the Court can set an Initial Scheduling Conference in this action.


Date:   March 25, 2008


_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge